[No. 20,018.  In Bank.—January 13, 1885.]

THE PEOPLE, RESPONDENT, *v.* J. H. TOMLINSON, APPELLANT.

CRIMINAL LAW—EMBEZZLEMENT—INFORMATION.—An information for embezzlement is sufficient, if the offense be charged substantially in the language of the statute defining it.

ID.—INSTRUCTIONS—ERROR IN PARTICULAR INSTRUCTION.—Where the instructions, taken as a whole, contain a correct statement of the law, an objection to a particular instruction as being too general will not warrant a reversal.

ID.—EMBEZZLEMENT BY AGENT—REFUSAL TO PAY ON DEMAND.—An agent is not guilty of embezzling the money of his principal, upon refusing to pay it over on demand, unless the person making the demand had authority so to do from the principal.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*S. L. Terry*, for Appellant.

*Attorney General Marshall*, for Respondent.

MORRISON, C. J.—The information in this case charges that the defendant, on a certain day and at a certain place, was the agent of one Michael Warde, and as such agent received and took into his possession a large sum of money, to wit, one hundred dollars, of the property of said Warde, his principal, and did then and there willfully, unlawfully and feloniously embezzle, and fraudulently convert and appropriate to his own use, said money of his said principal, the said Warde, and such conversion and appropriation was not made by the said defendant in the due and lawful exercise of his, the said defendant's, trust, as the agent of said Warde.

Section 508 of the Penal Code, under which the foregoing information was framed, provides that "every clerk, agent, or servant of any person who fraudulently appropriates to his own use, or secretes with a fraudulent intent to appropriate to his own use, any property of another which has come into his control or care, by virtue of his employment as such clerk, agent, or servant, is guilty of embezzlement."

There was a demurrer to the information, which was over-ruled by the court. The information is in the language of the statute, but the learned counsel for the defense insists that there are some cases, of which this is one, in which it is not sufficient to charge an offense in the language of the statute ; although he concedes that as a general rule it is sufficient. The cases to which he refers do not sustain him, and the weight of authority in this court establishes the general rule, that an indictment or information which follows the language of the statute defining the crime is sufficient. We might refer to numerous cases, but one or two late ones will serve our purpose. In the case of *People* v. *Girr*, 53 Cal. 629 the court says : "It has repeatedly been held that an indictment is sufficient, if it describe the offense charged in the language of the statute " ; and in the very late case of *The People* v. *Soto*, 63 Cal. 166, Mr. Justice Ross, speaking for the court in bank, says : " It has many times

been decided by this court, that it is sufficient to charge the offense committed in the language of the statute defining it." The rule must be deemed settled in this court, and it follows therefrom that the demurrer interposed in this case was properly overruled, as the information contains all the facts found in the section of the code defining the offense.

The next alleged ground of error is, that the court erred in its charge to the jury, and the following instruction is particularly complained of :

" When the property of a person has come lawfully into the possession of another, and a person having lawful authority so to do, demands the possession of said property from the person holding the same, and said person refuses to deliver up said possession, it is evidence tending to show a conversion and appropriation of said property. If, then, the jury believe from the evidence, beyond a reasonable doubt, that money of Warde & Company came lawfully into the possession of defendant, and a person having lawful authority from said Warde & Company so to do, demanded said money of said defendant, and he declined and refused to deliver up said money, it is evidence tending to show a conversion ; and if, from all the evidence in the case, you believe, beyond a reasonable doubt, *that a conversion was made by defendant,* and with a purpose to fraudulently appropriate said money to his own use, *you should find the defendant guilty.*"

It is said that the foregoing instruction is, in the first place, too general, because the jury are not told therein that the money must have been received by the defendant by virtue of his employment as the agent of Warde ; and again, because it allows the jury to convict for the embezzlement of other moneys than those mentioned in the information. If the instruction is subject to those objections, the fault was fully cured by other more particular instructions given to the jury; for the jury was elsewhere told that the prosecution was bound to prove that the defendant had embezzled the particular money described in the information, or a portion thereof; and in the second instruction given at the instance of the defendant, the court said to the jury : " Unless you are satisfied beyond a reasonable doubt that the money embezzled was the money received from Monahan, or a part of such money, then the jury must find the defendant

not guilty." It was this particular money received from Monahan, that was the subject of the inquiry in the case, and the money spoken of in the instruction. There could not have been any doubt about it in the minds of the jury, as it was clearly referred to in the evidence and several of the instructions. It may, therefore, be conceded that the particular instruction complained of was subject to the objections made to it, and yet the instructions, taken as a whole, contain a correct statement of the law. This has been held sufficient in numerous cases.

We pass upon no objections to the instructions except those made by the appellant.

It is also claimed that no conversion was proved, because Morrissey, who demanded the money of the defendant, was not authorized to make such demand, and therefore a refusal by the defendant to pay over the money on such demand did not amount to a conversion.

We have examined the record carefully, with a view to ascertain what authority Morrissey had to make the demand of defendant, and are satisfied from the evidence that he had no such authority. The telegram under which he acted was in the following language:

" SAN FRANCISCO, May 29, 1884.

" J. A. MORRISSEY: A man named Tomlinson, representing our house, is in your town. Demand from him all our statements of account, and send him home at once.

" M. WARDE & CO."

It is not pretended that Morrissey had any authority to demand money from the defendant, except what was conferred by the above dispatch, and we do not think that any such authority was conferred by the dispatch. If the intention was to authorize Morrissey to demand and receive the money from Tomlinson, it was the most simple matter for Warde to have said so in the dispatch. He failed to do so ; and in his testimony, as well as in the evidence of Morrissey, we fail to find any evidence of such authority. All that was said, therefore, by the court to the jury in reference to the authority of Morrissey to demand the money, was outside the evidence in the case, and

was improper. It follows from what we have already said, that no lawful demand was made upon Tomlinson for the money in the county of San Joaquin, and consequently no conversion thereof was shown in that county.

Judgment and order reversed, and cause remanded for a new trial.

SHARPSTEIN, J., McKEE, J., McKINSTRY, J., and THORNTON, J., concurred.

Ross, J., concurring.—The instruction quoted in the opinion of the Chief Justice I think plainly erroneous. It is to the effect that if money of Warde came lawfully into the possession of the defendant, and defendant subsequently refused to deliver it to a person whom Warde had authorized to receive it, such refusal was evidence of a conversion of the money by defendant, irrespective of the question as to whether defendant *knew* that the person so demanding of him the money was authorized to do so. I presume no one would contend that the defendant coming lawfully into possession of money belonging to Warde, would be even justified in delivering it up to a stranger. So that *knowledge* on the part of the defendant with respect to the authority of the person demanding the money was a most important element for the jury to consider ; and this element was entirely omitted from the instruction in question. For this reason, as well as for that given in the opinion of the Chief Justice, I concur in the judgment of reversal.