[No. 48. Decided May 31, 1890.]

## J. E. TERRY v. THE STATE OF WASHINGTON.

INDICTMENT — EMBEZZLEMENT — CONSTRUCTION OF STATUTE.

An indictment for embezzlement by an agent which does not allege that the defendant was an agent for hire, is fatally defective under the provisions of Code Wash. T., § 835, as the words "for hire," in said section, qualify each of the classes of persons enumerated therein.

*Error to Superior Court, King County.*

Indictment against J. E. Terry for larceny. The facts sufficiently appear in the opinion.

*Ronald, Piles & Relfe*, for plaintiff in error.

The omission to charge in the indictment that the defendant was an agent "for hire" is fatal. The court below held that the words "for hire" did not apply to "any officer, agent, clerk or servant," but only any one included in the word "person," and that the word "person" as used in that statute meant any person other than an officer, agent, clerk or servant, and that the words "for hire" only applied to such persons. The familiar rule of *ejusdem generis* not only settles this, but that the word "person" used in such a connection can only include those of the class described in preceding clause. Endlich, Interp. St., §§ 405–7; *Barbour v. Louisville*, 83 Ky. 95; *State v. Grisham*, 90 Mo. 163.

*W. C. Jones*, Attorney General, and *W. D. Fenton*, for The State.

The opinion of the court was delivered by

DUNBAR, J.—The indictment under which the appellant was convicted of larceny was under § 835 of the code, and, omitting the formal parts, was as follows:

"The said J. E. Terry, on the 25th day of May, A. D.

1889, in the county of King, in the district aforesaid, then and there being the agent of one W. H. Gleason for sale of a certain horse, then and there the personal property of said W. H. Gleason, did then and there sell the said horse to one F. E. Scott for the sum and price of one hundred and ninety dollars, and did then and there by virtue of said employment receive from said F. E. Scott as the purchase price of said horse, and as the personal property of said Gleason, the sum of one hundred and fifty dollars lawful money of the United States, and the promissory note of said Scott for forty dollars; and did then and there willfully, fraudulently and feloniously take and secrete the whole of said money with the intent thereby to embezzle and fraudulently convert the same to his own use. Contrary to the form of the statute," etc.

Several points are raised by the appellant, but the one to which the court will address itself as being decisive of the case is, " that the omission to charge in the indictment that the defendant was an agent for hire" is fatal. The court below held that the words ''for hire '' did not apply to ''any officer, agent, clerk or servant,'' but only to any one included in the word person, and that the word ''person'' as used in that statute meant any person other than an officer, agent, clerk, or servant, and that the words ''for hire '' only applied to such other persons. This construction of § 835, as an independent section, is not in harmony with the rule of *ejusdem generis*, that, in the construction of statutes, contracts and other instruments, where an enumeration of specific things is followed by a general word or phrase, the latter is held to refer to things of the same kind as those specified. But outside of this rule of construction, the enactment of § 836, which must be construed in connection with § 835, by its terms included in the proviso, expressly covers cases of embezzlement by the same classes of persons mentioned in § 835, ''without hire,'' showing conclusively that in the legislative mind the words '' for hire '' were intended to apply to all persons mentioned

in § 835.  On any other theory the proviso would be meaningless.

We are, therefore, of the opinion that the omission to charge in the indictment, that the defendant was an agent for hire, is fatal.  The legislature not having provided any punishment for crimes specified in the proviso in § 836, that portion of the law is inoperative.

The cause will be remanded to the court below with instructions to discharge the defendant, appellant.

ANDERS, C. J., and HOYT, SCOTT and STILES, JJ., concur.