## STATE *v.* BLOODSWORTH.

[ S. C. 34 Pac. Rep. 1023.]

1. INDICTMENT — FALSE PRETENSES — CODE, § 1777.—An indictment under section 1777 of Hill's Code, for obtaining money by false pretenses, is sufficient in charging that defendant did obtain the money by means of certain specified false representations, without alleging that the person defrauded relied upon such representations.

2. FALSE PRETENSES— VARIANCE.— A note for eighty dollars, bearing indorsements showing the payment of forty-three dollars, is admissible in evidence on a trial for obtaining money under false pretenses, where the indictment alleges that the defendant falsely represented that a certain written and printed paper, with certain writing thereon signed by the defendant, was a valid promissory note for the payment of thirty-seven dollars, and it is shown that the defendant represented that the sum of thirty-seven dollars was due thereon, and that he indorsed on its back a guaranty of its payment, since the indictment charges that the note was valid for the payment of thirty-seven dollars, and not that the note itself was for that amount.

3. PRACTICE IN CRIMINAL CASES— MOTION TO DISMISS— DEMURRER— CODE, §§ 1322, 1330.— An objection that an indictment for obtaining money under false pretenses does not sufficiently describe the false token, must be made by demurrer, and cannot be raised for the first time at the trial by a motion to dismiss. *State* v. *Bruce,* 5 Or. 68, and *State* v. *Doty,* 5 Or. 493, cited and approved.

APPEAL from Multnomah : M. G. MUNLY, Judge.

J. Bloodsworth was indicted for obtaining money by false pretenses, committed as follows: "The said J. Bloodsworth, on the fifteenth day of December, A. D., eighteen hundred and ninety-two, in the county of Multnomah, and state of Oregon, did feloniously and falsely represent and pretend to one George H. Hill that a certain written and printed paper with certain writing thereon signed by J. Bloodsworth, then and there produced by him, the said J. Bloodsworth, and by him given to said George H. Hill as security for the payment of the sum of thirty dollars, was a good and valid. promissory note for the payment of thirty-seven dollars and fifty cents, by means of which said false pretenses, the said J. Bloodsworth then and there did feloniously and fraudulently obtain from said George H. Hill divers gold and silver coins, lawful money of the United States of America, the number and denomination of which is to the grand jury unknown, to the amount and value of thirty dollars of the moneys of said George H. Hill, with intent then and there to cheat and defraud said George H. Hill,

whereas, in truth and in fact, said writing and printed paper was not a good and valid promissory note for the payment of the aforesaid sum, or for the payment of any sum whatever, and this the said J. Bloodsworth then and there well knew, contrary to the statutes in such cases made and provided, and against the peace and dignity of the state of Oregon."

The evidence tended to show that at the time alleged the defendant applied to Hill for, and obtained, a loan of thirty dollars, giving as security therefor a promissory note for eighty dollars, dated August thirteenth, eighteen hundred and ninety-two, due in thirty days, and signed by J. A. and F. H. Melton, upon which he falsely represented there was due and unpaid the sum of thirty-seven and one half dollars, and at the same time signed the following written indorsement on the back of the note:—

"For value received, I hereby guarantee payment of within note at maturity, or any time thereafter, with interest at the rate of ten. per cent per annum, waiving notice of nonpayment and protest.   J. BLOODSWORTH."

At the trial the state offered in evidence the Melton note for eighty dollars, with the following indorsments on the back, "Received on the within note twenty-two dollars and fifty cents ($22.50) this September fifteenth, eighteen hundred and seventy-two," and "Received on the within note twenty dollars ($20.00)," and it was admitted over the defendant's objection. A conviction having resulted, the defendant has appealed.

AFFIRMED.

*Messrs. John F. Logan* and *Berryman M. Smith,* for Appellant.

1.   It will be readily seen that the indictment does not charge that Hill relied on the statement made by the defendant J. Bloodsworth; that the note was a good and

valid note at the time he took the same as security for the payment of thirty dollars. Without this being stated in the indictment it does not charge a crime: 7 Am. Eng. Enc. 770, note; *Killer* v. *State*, 51 Ind. 111; *Johnson* v. *State*, 75 Ind. 553; *State* v. *Green*, 7 Wis. 571; *State* v. *Dyre*, 41 Tex. 520.

2. We insist that there is a fatal variance between the indictment and proof. It will be seen that the indictment charges the false token to be the note signed by defendant J. Bloodsworth, for thirty-seven dollars and fifty cents, but the only note or other token relied on in the evidence is a note for eighty dollars, signed by J. A. Melton and F. H. Melton, and the only way that defendant's name is connected with it at all is that he made a written guaranty on the back thereof. True, there were some payments indorsed on it, but that made no difference in the matter of describing and identifying the note or putting the defendant on notice that any other note would be introduced at the trial except a note for thirty-seven dollars and fifty cents, signed by himself as charged in the indictment. If suit or action was commenced on a promissory note and alleged in the complaint that the note was for thirty-seven dollars and fifty cents, the plaintiff could not introduce a note for eighty dollars with forty-two dollars and fifty cents indorsed thereon to prove his case, and it seems to us that this is a fatal variance: *Shirley* v. *State*, 1 Or. 229; Greenleaf, 12th Ed. §§ 58, 65; *Sharley* v. *State*, 54 Ind. 168; *Westbrook* v. *State*, 23 Tex. App. 401; *Brown* v. *State*, 66 Ill. 344; *Bay* v. *State*, 65 Mo. 490.

*Messrs. Geo. E. Chamberlain*, Attorney-General, and *Wilson T. Hume*, District Attorney, for the State.

1. It is not necessary to allege in the indictment that the party injured relied upon the representations.

Under section 1777 of Hill's Code, if the brand is accomplished "by means" of the false pretenses, it is sufficient to constitute the crime: Bishop, Directions and Forms, § 420.

2. A careful reading of the indictment, we think, will clearly demonstrate that the appellant's claim of a variance between the proof and the charge is untenable. In the first place, the indictment charges the production to Geo. H. Hill by defendant, of a certain written and printed paper with certain writing thereon signed by Bloodsworth; that this paper was a good and valid promissory note for the payment of thirty-seven dollars and fifty cents, not that it was a note for thirty-seven dollars and fifty cents, but that it was valid for the payment of that amount. Whatever the face of the note may have been, the writing on the note was signed by Bloodsworth; but the indictment is silent as to who signed the note. The defendant was not charged with uttering as true and genuine a false and forged note, but with obtaining money under false pretenses. What were those pretenses? As disclosed by the bill of exceptions, defendant "guaranteed the payment of the within note," and the evidence shows that the note was fully paid before the indorsement and delivery thereof to George H. Hill. In other words, he pretended by his indorsement thereon that it was a good and valid promissory note, and obtained money thereon knowing that said note had been paid.

Opinion by MR. JUSTICE BEAN.

1. The first contention of appellant is that the indictment is insufficient to charge a crime, because it does not allege in express terms that Hill relied upon the false representations of the defendant to the effect that the paper so given as security was a good and valid promis-

sory note.  It is undoubtedly essential, in a case of this character, that the indictment should show that the prosecuting witness was induced to part with his goods or money by his reliance upon the misrepresentations of the defendant.  But it is not necessary that it should be so alleged in these express words.  This is necessarily implied from the allegation that the defendant by means of the false representations obtained the goods or money: 7 Am. & Eng. Enc. Law, 771, note.  As the indictment in this case contains such allegation, it is not open to the objection urged.

2.   It is next contended that the court erred in admitting the said note in evidence.  This contention is based upon the assumption that the indictment charges the false token or writing, by means of which defendant obtained the loan, to have been a promissory note for thirty-seven dollars and fifty cents, signed by the defendant, and therefore it was error to admit in evidence a promissory note of a different amount and signed by other parties.  But we do not so understand the language of the indictment.  It is somewhat obscure, and not as clear as legal papers of this kind should be, yet it charges, as we read it, that the defendant represented that a certain written or printed paper, which is not further described, and which had upon it a certain writing signed by the defendant, was a good and valid promissory note for thirty-seven dollars and fifty cents; that is to say, the written and printed paper upon which the writing signed by the defendant was indorsed, was such a note, and not that the writing which he signed was of that character.  This being true, the objection urged to the admission of this evidence upon the ground stated, was properly overruled.

4.   The objection that the indictment does not sufficiently describe the false token alleged to have been used

by the defendant, should have been made by demurrer, and could not be raised for the first time at the trial by by a motion to dismiss: Code, § 1330; *State* v. *Bruce*, 5 Or. 68, 20 Am. Rep. 734; *State* v. *Doty*, 5 Or. 491; *People* v. *Swenson*, 49 Cal. 388.

The judgment is affirmed.　　　AFFIRMED.