[No. 1457.  Decided November 12, 1894.]

THE STATE OF WASHINGTON, *Appellant*, v. J. M. TURNER, *Respondent.*

EMBEZZLEMENT——SUFFIENCY OF INFORMATION——ALLEGATIONS CHARGING CRIME.

In a prosecution for embezzlement, an information charging the crime substantially in *the* terms of the statute is sufficient, without making specific allegations as to the nature of the employment or trust relation of the accused.

An information for embezzlement is sufficient under Penal Code § 55, defining the crime, and under § 1244, Code Proc., requiring that the act charged as a crime be clearly set forth in ordinary and concise language, in such a manner as to enable a person of common understanding to know what is intended, when it is alleged therein that the defendant, on a day and at a place named, was intrusted with a certain sum of money, the property of another, which he took into his possession and was holding for and on account of such other, and that he did then and there fraudulently convert said money to his own use.

*Appeal from Superior Court, Walla Walla County.*

*Miles Poindexter*, Prosecuting Attorney, for the State.

*J. M. Turner*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—The defendant, respondent here, was indicted in the Superior court of Walla Walla county, for the crime of larceny.  The indictment, omitting the formal part, was as follows :

"The said defendant, J. M. Turner, in the city and county of Walla Walla, Washington, on the first day of December, A. D., 1893, being then and there by one Joseph Tachi intrusted with the sum of $479, lawful money current of the United States of the value of $479, the said money then and there being the money and property of the said Joseph Tachi, and the said J. M. Turner by virtue of being intrusted with said money as aforesaid then and there receiving hire from said Joseph Tachi, did then and there by virtue of being intrusted with said money and receiving said

hire as aforesaid, receive and take into his possession the money aforesaid, which he, the said defendant, then and there held for and in the name and on account of said Joseph Tachi, and he, the said defendant, J. M. Turner, did then and there as aforesaid wilfully, intentionally, wrongfully, unlawfully, fraudulently and feloniously convert to his own use the said money, thereby committing the crime of larceny," etc.

To this indictment respondent interposed a demurrer, to the effect that the facts charged in the information did not constitute a crime ; which demurrer was sustained by the court. To the ruling of the court in sustaining the demurrer the plaintiff duly excepted, and has brought the case here on appeal.

The contention of the respondent is that the information is not sufficient because it does not state the purpose for which the money or property was intrusted to the respondent, and does not allege that a demand was made upon him for the same. The respondent cites *Terry v. State*, 1 Wash. 277 (24 Pac. 447), in support of this contention. An examination of that case shows that it is not at all in point here. What the court decided there was that an indictment for embezzlement by an agent, which does not allege that the defendant was an agent for hire, was fatally defective under the provisions of the Code of Washington (1881) § 835 ; and that the words "for hire" in said section qualified each of the classes of persons enumerated therein. The question decided in that case would not be involved here even had the legislature not afterwards changed the law eliminating the words "for hire," from the same, the law reading now "with or without hire," etc.

The statute under which this information was filed, viz: § 55 of the Penal Code, is as follows :

"If any agent, clerk, officer, servant or person to whom any money or other property shall be entrusted, with or without hire, shall fraudulently convert to his own use, or shall take and secrete the same with intent fraudulently to convert the same to his own use, or shall fail to account to the person so entrusting it to him, he shall be deemed guilty of larceny," etc.

Let us look at the requirements of the statute and see if they have been met in this indictment. The first qualification is that it must be a person to whom money or other property shall be entrusted. The allegation will be found in the indictment that money described was entrusted to the respondent, J. M. Turner, with the name of the person intrusting it and the name of the owner of the money. The information in this case alleges that the money was intrusted for hire, but as we have before observed, under the law as it now exists, that would not be a necessary allegation. The information further informs the defendant that by virtue of being intrusted with said money he took the same into his possession and held it for and in the name and on account of the person intrusting it and owning it, and that he fraudulently converted the same to his own use. So that it seems to us all the requirements even contended for by the respondent were met by the information, viz: first, not only that the respondent was a person, but the facts show that he was an agent ; second, that he received the property of his principal ; third, that he received it in the course of his employment ; fourth, that he fraudulently and feloniously converted it to his own use.

It will be noticed that the crime charged here is charged in the language of the statute. It is contended by the respondent that this is not sufficient, and some cases are cited which respondent claims sustain that contention. We think the overwhelming weight of authority is to the contrary, and that it is sufficient in crimes of this character to charge the crime in the language of the statute. "An indictment for embezzlement, charging the crime substantially in the terms of the statute, is sufficient." 6 Am. & Eng. Enc. Law, 496 ; *Commonwealth v. Bennett*, 118 Mass. 443 ; *Ker v. People*, 110 Ill. 627 (51 Am. Rep. 706); *People v. Tomlinson*, 66 Cal. 344 (5 Pac. 509).

In California the code under which the indictment was drawn in *People v. Tomlinson*, *supra*, was substantially the same as the statute under which the information in the case

at bar was drawn, some of the terms simply being transposed. In that case the court said :

" The information is in the language of the statute, but the learned counsel for the defense insists that there are some cases, of which this is one, in which it is not sufficient to charge an offense in the language of the statute ; although he concedes that as a general rule it is sufficient. The cases to which he refers do not sustain him, and the weight of authority in this court establishes the general rule, that an indictment or information which follows the language of the statute defining the crime is sufficient," citing cases to sustain the decision.

And in *People v. Treadwell*, 69 Cal. 226 (10 Pac. 502), it was decided that if the information charged the nature of the employment, and the act of conversion in the general terms of the statute, it was sufficient without more specific allegations as to the nature of the trust relation, or as to the act of conversion. See, also, 6 Am. & Eng. Enc. Law, 497, and cases cited. These are all cases of embezzlement. The case in 58 N. H. 348 (*State v. Messenger*), cited by respondent to sustain the proposition that an indictment for embezzlement must set forth the actual fiduciary relation and its breaches, does not seem to us to reach the point in controversy at all. All that was said in that case was that an indictment containing in one count so much of the language of two sections of the statute of embezzlement as to leave it uncertain which of two different crimes of embezzlement is charged, is insufficient. The opinion in that case contained only three lines, which were as follows :

" The crime and penalty of the seventh section are different from those of the eight. The indictment not informing the defendant which crime he is charged with is bad for uncertainty."

The case of *McCann v. United States*, 2 Wyo. 274, is not available to the court and therefore has not been considered.

The case of *Commonwealth v. Smart*, 6 Gray, 15, would seem from the syllabus to somewhat sustain respondent's contention. But the reading of the opinion convinces us

7-10W

that the indictment in that case not did follow the language of the statute, and hence is not in point here; and, if it were, it has been squarely overruled in Commonwealth v. Bennett, *supra*.

The overwhelming weight of authority in cases of embezzlement is to the effect that it is sufficient to charge the crime in the language of the statute. But as this court has frequently said, decisions based upon the common law can be of little service in determining the sufficiency of an indictment under the provisions of our reformed practice, for the Code itself specifically avers the requirements of the information and asserts that, so far as the question involved here is concerned, whenever a person of common understanding shall know what he is charged with, the information shall be sufficient. The experience of advancing ages culminated in legislation that has done away with the refinements of technical pleading so far as criminal actions are concerned, refinements which were originally intended as safeguards to the innocent, but the practical operation of which has been to protect the guilty from merited punishment. These refinements have given place to the simplicity of a statement of facts, and the law in the interest of justice to the state and to society has laid down the plain test mentioned above. And this is a test which appeals to common sense. Will any one say that in this instance the respondent has been misled; in any possible way by any omission in this indictment; that he does not know what he is charged with; that he is left in the dark so far as the preparation of his defence is concerned on the merits of the case? We think not. Determined by this test, then, we think the information in this case is amply sufficient, and that the court erred in sustaining the demurrer to the indictment.

The judgment will be reversed and the cause remanded with instructions to overrule the demurrer.

SCOTT, HOYT and STILES, JJ., concur.