[No. 4986.    Decided April 6, 1904.]

THE STATE OF WASHINGTON, *Respondent,* v. EDWARD RYAN, *Appellant.*[1]

CRIMINAL LAW—FALSE PRETENSES—INFORMATION—SUFFICIENCY —STATING FACTS IN LANGUAGE OF STATUTE. In a prosecution for obtaining money by false pretenses, an information is sufficient where it sets out in the language of the statute that the defendant obtained from one H the sum of $20, the property of H, by unlawfully, feloniously, etc., pretending to the agent of H that a certain paper, purporting to be a bank bill on a certain bank, was a good and valid bill of the value of $20, whereas it was, as defendant well knew, a false token and was of no value, since a statement in the language of the statute defining the crime is sufficient where the statute states the facts so that the defendant may have notice of that with which he is charged; and it is not

[1]Reported in 76 Pac. 90.

necessary to allege the means used or in what particulars the token was false.

SAME—DESCRIPTION OF BANK NOTE. The bank note is sufficiently described without setting it out *in haec verba*, where its nature, character, and contents are stated.

SAME—RELIANCE UPON FALSE PRETENSES. In such a case it is unnecessary to allege that the false pretenses werę relied upon, where it is alleged that the property was obtained by means thereof.

SAME—ALLEGING VALUE OF MONEY. Nor is it necessary to allege the value of the twenty dollars.

CRIMINAL LAW—EXCESSIVE SENTENCE—NOT REVIEWED IN ABSENCE OF EVIDENCE. Where the evidence is not brought up, the court will not consider an objection that the sentence is excessive, although it appears that the jury recommended the defendant to the mercy of the court.

Appeal from a judgment of the superior court for King county, Rudkin, J., entered December 11, 1903, upon a trial and conviction of obtaining money by means of false pretenses. Affirmed.

*Frank B. Wiestling,* for appellant. There is no aider by verdict in a criminal case. *State v. Carey,* 4 Wash. 424, 30 Pac. 729; *State v. Feamster,* 12 Wash. 461, 41 Pac. 52; *Blanton v. State,* 1 Wash. 265, 24 Pac. 439. The offense must be sufficiently alleged. *United States v. Simmons,* 96 U. S. 360; *State v. Isensee,* 12 Wash. 254, 40 Pac. 985; *State v. Roberts,* 22 Wash. 1, 60 Pac. 65; *State v. Ackles,* 8 Wash. 462, 36 Pac. 597. It is necessary that the information contain an averment of the delivery or exchange, and that there was a connection between the false pretenses and the obtaining of the money. *Johnson v. State,* 11 Ind. 480; *State v. Orvis,* 13 Ind. 569; *Jones v. State,* 50 Ind. 473; *Wagoner v. State,* 90 Ind. 504; *Lutton v. State,* 90 Tex. App. 518; *State v. Philbrick,* 31 Me. 401; *Commonwealth v. Strain,* 10 Met. 521; *Commonwealth v. Jeffries,* 7 Allen 548, 83 Am. Dec. 712; *State v. Anderson,* 47

Iowa 142; *State v. Saunders,* 63 Mo. 482. The information should state in what particular the token was false. *State v. Dyer,* 41 Tex. 520; *Wills v. State,* 24 Tex. App. 400, 6 S. W. 316; *State v. Fleming,* 117 Mo. 377, 22 S. W. 1024; *Commonwealth v. Viser,* 24 Ky. Law 1161, 70 S. W. 832.

*W. T. Scott, Chas. I. Gleason* and *D. C. Conover,* for respondent.

ANDERS, J.—Upon the trial of an information, filed by the prosecuting attorney in the superior court of King county, the appellant was convicted of the offense of obtaining money by means of false pretenses. After the return of the verdict, appellant filed a motion in arrest of judgment, on the ground that the facts stated in the information did not constitute a crime or misdemeanor. This motion was denied and exception noted, and thereafter appellant was sentenced to the state penitentiary for a term of two and one-half years.

The information upon which the appellant was tried and convicted, omitting the formal parts, is as follows:

"He, the said Edward Ryan, in the county of King, state of Washington, on or about the 14th day of August, 1903, unlawfully, feloniously, falsely, fraudulently and designedly, and with intent to defraud one E. J. Hickey, did obtain from said E. J. Hickey the sum of twenty ($20) dollars, the property of said E. J. Hickey, by then and there unlawfully, wilfully, feloniously, fraudulently and designedly pretending to one E. G. Hickey, the agent of said E. J. Hickey, that a certain paper, purporting to be a bank bill on the State Bank of New Brunswick, New Jersey, for the sum of twenty ($20) dollars, was a good and valid bank bill, and of the value of twenty ($20) dollars. Whereas, in truth and in fact, said paper was of no value whatsoever, and was a false token, as the said Edward Ryan well knew; that by means thereof said E. G.

Hickey paid to the said Edward Ryan the sum of twenty ($20) dollars as aforesaid."

The statute specially applicable to this case and under which this information was drawn, reads as follows:

"If any person, with intent to defraud another, shall designedly, by color of any false token or writing, or any false pretense, obtain from any person any money, transfer, note, bond or receipt, or thing of value, such person shall, upon conviction thereof, be imprisoned in the penitentiary not more than five years nor less than one year, or imprisoned in the county jail for any length of time not exceeding one year." Bal. Code, § 7165; Pierce's Code, § 1662.

The first and principal question to be determined on this appeal is whether the information above quoted states facts sufficient to constitute the offense of which appellant was convicted. Our statute provides generally that the information must contain, (1) the title of the action, specifying the name of the court to which the information is presented, and the names of the parties, and (2) a statement of the acts constituting the offense, in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended (Bal. Code, § 6840), and that the information must be direct and certain as to the party charged, the crime charged, and the particular circumstances of the crime charged, when they are necessary to constitute a complete crime. Bal. Code, § 6842. And it is insisted by the learned counsel for the appellant that the information in question does not meet these requirements of the code.

The particular objections made to the information are, (1) that it contains no allegation of the means used by appellant in defrauding Hickey out of his money; (2)

that no connection is shown in this information between
the false pretenses alleged and the obtaining of the money;
(3) that it does not state in what particular the token was
false, and in what the invalidity consisted; (4) that it is
insufficient in failing to describe fully the purported bank
bill; (5) that it does not state that the pretenses alleged
were relied on by Hickey; and (6) that it does not allege
that Hickey parted with any money or anything else of
value. While some, if not all, of these objections might
be held valid under the strict rule of the common law
applicable to such cases, we do not think they are tenable
when tested by our own statutes relating to the forms of
pleadings in criminal actions, and to the rules by which
the sufficiency of such pleadings is to be determined. It
will be observed that the acts constituting the offense
charged in this information are stated in the language of
the statute defining the crime of obtaining money, etc., by
means of false pretenses, and it is the general rule that a
charge so stated is sufficient. *Watts v. Territory,* 1 Wash.
Ter. 409; *Schilling v. Territory,* 2 Wash. Ter. 283, 5
Pac. 926; *State v. Day,* 4 Wash. 104, 29 Pac. 984; *State
v. Knowlton,* 11 Wash. 512, 518, 39 Pac. 966; *State v.
Turner,* 10 Wash. 94, 38 Pac. 864.

This rule, however, is not applicable in all cases without
exception, for, "if the statute does not sufficiently set out
the facts which constitute the offense so that the defendant
may have notice of that with which he is charged, then a
more particular statement of the facts than is contained
in the statute becomes necessary." 10 Enc. Plead. & Prac.,
487. The validity of the statute upon which this informa-
tion is based is not challenged by appellant's counsel in
this case. He does not claim that the statute does not state
the facts which constitute the offense, so that the accused

may know what he is required to answer. But he does insist in his argument that the information itself was so defective that it failed to apprise the appellant of the "nature and cause of the accusation against him." It is a well-settled rule in criminal prosecutions that the indictment or information must set forth all the facts which are necessary to constitute the crime charged, and which must be proved in order to convict the accused; and we are of the opinion that the information in question states all the facts necessary to constitute the offense, "in such manner as to enable a person of common understanding to know what is intended." It seems to us that it apprised the appellant of everything he was required to meet at the trial, and that he was not prejudiced in his defense by any of the alleged defects of the information.

In *State v. Bokien,* 14 Wash. 403, 44 Pac. 889, which was a prosecution for obtaining goods by false pretenses, under the statute here in question, it was insisted that the information was defective, in that it did not aver that the alleged false pretenses were made with a view to effect the sale of the goods, and that, by reason thereof, the party was induced to make the sale and part with his property. But this court held, after considering some of the authorities cited by appellant in the case at bar, that, although such allegations were not set out in direct and positive terms, they were necessarily implied from the language used, and that the objection to the information on the ground stated was not well taken. That case practically disposes of appellant's first, second, and fifth objections to this information, adversely to his contention, if anything more than a mere inspection of the information were necessary. The information, we think, sufficiently states in what particular the token was false and invalid, and sufficiently describes

it to apprise appellant of what the state expected to prove
in that regard. It was not necessary to set out the paper
"purporting to be a bank bill," *in haec verba*. It was de-
scribed in a manner that indicated its nature, character,
and contents, though not in its own words, and therefore a
more specific description was unnecessary. *State v. Wright,*
9 Wash. 96, 37 Pac. 313; *State v. Boon,* 49 N. C. 463.

As to the objection that the information does not state
that the alleged pretenses were relied on by Hickey, it is
sufficient to observe that, under statutes similar to ours,
it has often been decided that such specific averment is
unnecessary, if it be alleged in the information that the
property was obtained by the defendant by means of the
false pretense, with intent to defraud the owner. See,
*State v. King,* 67 N. H. 219, 34 Atl. 461; *Norris v. State,*
25 Ohio St. 217, 18 Am. Rep. 291; *State v. McConkey,*
49 Iowa, 499; *State v. Hurst,* 11 W. Va. 54; 8 Enc. Plead.
& Prac., 872; *State v. Bloodsworth,* 25 Ore. 83, 34 Pac.
1023. See, also, *State v. Bokien, supra.* And the recent
case of *State v. Riddell,* 33 Wash. 324, 74 Pac. 477, is to
the same effect. The appellant has cited several cases
which, directly or indirectly, support his position upon
the point now under consideration, but we believe the cases
to which we have particularly referred announce a doctrine
which is supported by the better reason, and more nearly
accords with the spirit of our statutes. The doctrine of
the above cases, briefly stated, is that that which is *neces-
sarily implied* need not be specifically averred.

The next and last objection to the information is that it
does not allege that Hickey parted with any money or any-
thing else of value. It does state, as we have seen, that
Hickey paid to Ryan (appellant) the sum of $20. But
appellant claims that it should have alleged that the $20

was money and of some value. We think it would be difficult to define the meaning of the words "twenty dollars," if they do not mean that sum of money. Everybody in this country knows that the word dollar means a certain amount of money, and that a dollar is of some value. In *State v. Knowlton,* 11 Wash. 512, 39 Pac. 966, which was a prosecution for obtaining money under false pretenses, in which it was contended that the information failed to describe the money with sufficient accuracy, we said:

"We think the tendency of the more modern decisions is to dispense with the rule requiring the kind, character or denomination of the money obtained to be set out, and that this best accords with the spirit of our code of criminal procedure."

There, it is true, the money obtained was described as being "five thousand dollars in money of the value of five thousand dollars in lawful money," but we think the information would not have been bad if the value of the money had not been stated. In *People v. Millan,* 106 Cal. 320, 39 Pac. 605, it was held that an information which charges the accused with obtaining money by fraud, but fails to allege the value of the money obtained, is good. And in *Oliver v. State,* 37 Ala. 134, it was ruled that an indictment alleging that, by means of the false pretense charged, the defendant obtained "sixty-five dollars in money," was sufficiently definite and certain, without an additional averment of the value of the money. In *State v. Wilkerson,* 98 N. C. 696, 3 S. E. 683, the defendant was indicted for obtaining, by means of a certain false pretense, an order from the commissioners for the payment of money on account of the support of a pauper, and the court held that the description of the property obtained, as "an order for the sum of six dollars, issued for the support of S.," was

sufficient. It will be noticed, that, in the case last cited, the "six dollars" was neither alleged to be money, nor of the value of six dollars in money. And it seems to us that the ruling of the court in that regard was certainly correct, as well as reasonable. Mere technical defects in criminal pleadings, which do not go to the substance of the accusation, and do not prejudicially affect any substantial right of the defendant, are not regarded in this state in the administration of the criminal laws.

We have thus discussed, somewhat at length, the various points made by counsel for appellant in the able brief which he has filed herein, in order to show more clearly than it would otherwise have appeared, why we consider this information sufficient. While the information is not as formal in some particulars as it might have been, yet we are clearly of the opinion, as we have hereinbefore stated, that it states facts sufficient to constitute an offense under the statute, and it therefore follows that the trial court did not err in denying appellant's motion in arrest of judgment.

At the time the jury returned their verdict in this action, they recommended the appellant to the mercy of the court, and his counsel earnestly insists that the sentence of two and one-half years is excessive, and should be modified by this court, in conformity with the verdict of the jury. This cause was brought here upon a short record, and the evidence adduced at the trial is not before us. We are therefore unable to say that the evidence in the case did not justify the sentence imposed by the learned trial judge.

The judgment is affirmed.

FULLERTON, C. J., and DUNBAR, MOUNT, and HADLEY, JJ., concur.