Merrimack, }
Oct. 6, 1908. }

## STATE v. SILVERMAN.

One engaged in the business of buying junk with the intention of selling it is a "dealer" therein, within the meaning of section 4, chapter 124, Public Statutes.

APPEAL, from a conviction before the police court of Allenstown upon a complaint for dealing in junk without a license. Transferred from the April term, 1908, of the superior court by *Wallace*, C. J., upon an agreed statement of facts.

The defendant was licensed as a dealer in junk in Manchester. He had no place of business in Allenstown and no license from the selectmen of that town, in which chapter 124, Public Statutes, is in force. May 23, 1908, he bought and attempted to buy in Allenstown old junk, old metal, etc., of several adults originally offering such materials for sale, collected the junk as he bought it, and at once took it to Manchester for sale to wholesale dealers there. The persons of whom he bought were not regular customers. He did not sell or barter in Allenstown, and had no intention of selling or bartering in that town, any of the junk purchased there, but bought and intended to buy only of the owners for cash. His purpose was to do business in Allenstown by there dealing directly with parties originally offering junk, etc., for sale, and by purchasing and collecting the same and removing it at once to Manchester for sale to dealers there; and in this way he did business regularly in Allenstown.

*Arthur W. Thompson* and *Edmund S. Cook*, for the state.

*Taggart, Tuttle, Burroughs & Wyman*, for the defendant.

PARSONS, C. J. The only question argued is whether the respondent is a dealer in old junk, old metals, etc., in Allenstown, within the meaning of section 4, chapter 124, Public Statutes, which provides that any person who shall be a dealer in such articles without a license in any town which has adopted the provisions of the act shall be fined and imprisoned. The respondent is a dealer. His business is to buy and sell. *State* v. *Cohen*, 73 N. H. 543, 546. Whether he is, within the meaning of the act, a dealer in Allenstown where he buys, or in Manchester where he sells, or in neither, because of the different territorial location of the acts which constitute him a dealer, depends upon whether the acts done by him in either place are within the mischief at

which the statute is aimed. *King* v. *Commissioners,* 2 D. & E. 381. The inquiry, therefore, is whether the subject sought to be controlled is the buying and selling in the same town, the selling of junk, or the business of purchasing it from all who may offer it for sale.

The purpose of the act has been recently considered. *State* v. *Cohen,* 73 N. H. 543 ; *Silverman* v. *Gagnon,* 74 N. H. 502. In the former case it was said ( *p.* 545) that " the statute was intended principally to protect the public against the evils result- ing from the crime of larceny, by providing facilities for tracing the stolen property and restoring it to its owner and for the detection and punishment of the thief." And in the latter case, in which the respondent sought to compel the selectmen of Allens- town to issue him a license, it was said ( *p.* 504) : " Under Silverman's method of doing business, if he were licensed in Allenstown he might drive into a sparsely settled part of the town, where there is little direct police supervision, fill his wagon with stolen property, and quickly remove it beyond the jurisdic- tion of the town police, thus rendering it more difficult for them to trace and identify the stolen goods and to apprehend the thief than it would be if ' the dealer ' had a business habitation in that town. The secrecy with which he would carry on the traffic in the town would tend to encourage some of the evils which the statute was intended to prevent or discourage."

The regulations of the statute relate to purchases of junk by dealers therein and by keepers of shops for the purchase and sale of such materials. They are prohibited from purchasing from any minor under the age of sixteen without the written con- sent of his parent or guardian, and are required to keep a record of all articles obtained by them of any minor and of certain specified articles purchased of any person, and of the name and residence of the person offering the same for sale. P. S., *c.* 124, *ss.* 2, 3. There are no restrictions upon the sale by such dealers or shopkeepers, and no record of the transaction is required. The sale of junk by any person is not prohibited or regulated. It is the purchase from individuals and the commingling of the purchases into a single mass of such material, which unsupervised would render the tracing of stolen goods difficult. As the regula- tion of the statute is directed at the buying portion of the business of a dealer, it must have been intended that the carrying on of that part of the business in a town should be governed by the act. It is not probable that the word " dealer " was used in a restricted or technical sense which would require the act of sell- ing, which is left unregulated, to be done in the same town as the act of buying, which is the concern of the law. To so construe

the statute would be to defeat its purpose. One who buys with the intention of selling is a dealer within the meaning of the act, and his buying for such purpose constitutes the dealing the statute intended to regulate. The respondent making a regular business of buying junk in Allenstown, with the intention of selling the same, deals and is a dealer in junk, under the law. *Commonwealth* v. *Hood*, 183 Mass. 196. As it appears that the respondent is regularly engaged in the business in Allenstown, and the acts complained of were done in carrying on that business, it is unnecessary to consider whether a single purchase, or purchases of particular individuals, or of a single kind of waste material, would constitute one a dealer within the meaning of the law. *Commonwealth* v. *Ringold*, 182 Mass. 308; *Johnson* v. *Hudson*, 11 East 180.

Whether the respondent's method of business would bring him within the prohibitions of the statute as amended by chapter 73, Laws 1907, regardless of whether he is to be considered a " dealer " in Allenstown, is a question not raised and not considered.

*Conviction sustained : appeal dismissed.*

All concurred.