[No. 13811.   Department One.   April 11, 1917.]

The State of Washington, *Appellant*, v. Fred Richter, *Respondent*.[1]

Assault—Second Degree Assault — Information — Sufficiency. An information charging second degree assault is sufficient, where it charges the offense in the language of the statute, Rem. Code, § 2414, subd. 3, relating to the commission of grievous bodily harm with or without a weapon, or subd. 4, relating to assault with a weapon likely to produce bodily harm.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered April 4, 1916, discharging the defendant, upon granting a motion in arrest of judgment, after a trial and conviction of second degree assault. Reversed.

*O. T. Webb* and *Clifford Newton*, for appellant.

Main, J. — The defendant was charged by information with the crime of assault in the second degree. The trial resulted in a verdict finding the defendant guilty of the crime charged. After the return of the verdict, a motion was made in arrest of judgment, for the alleged reason that the information failed to state facts sufficient to charge a crime. This motion was sustained by the trial court, and the state appeals.

The information, aside from the formal parts,

"Charges and accuses the above named defendant, Fred Richter, with the crime of assault in the second degree,

"In that, in the county of Snohomish, state of Washington, on or about the 15th day of January, 1916, then and there being, the said defendant, Fred Richter, did unlawfully and wilfully assault one George Walters with a weapon, instrument and thing likely to produce harm, then and there held in the hands of him, the said Fred Richter, and did then and there unlawfully and wilfully inflict grievous bodily

[1]Reported in 164 Pac. 250.

harm upon him, the said George Walters, with said weapon and instrument aforesaid, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Washington."

The statute, under which the charge is laid, Rem. Code, § 2414, defines assault in the second degree as follows:

"Every person who, under circumstances not amounting to assault in the first degree—

"(3)    Shall willfully inflict grievous bodily harm upon another with or without a weapon; or

"(4)    Shall willfully assault another with a weapon or other instrument or thing likely to produce bodily harm "Shall be guilty of assault in the second degree . . ."

By comparison, it will be seen that the information embodies both these subdivisions, and is drawn in the language of the statute. The statute defines the crime. The information was good under either subdivisions 3 or 4. The rule is that an information which charges a crime defined by the statute is sufficient when drawn in the language of the statute. *Watts v. Territory*, 1 Wash. Terr. 409; *State v. Day*, 4 Wash. 104, 29 Pac. 984; *State v. Turner*, 10 Wash. 94, 38 Pac. 864; *State v. Williams*, 73 Wash. 678, 132 Pac. 415; *State v. Jakubowski*, 77 Wash. 78, 137 Pac. 448.

The judgment will be reversed, and the cause remanded, with directions to the superior court to enter a judgment upon the verdict, and impose a sentence upon the respondent.

ELLIS, C. J., CHADWICK, and WEBSTER, JJ., concur.