J. H. ALLISON & Co. v. T. W. KILLOUGH et al.*

(*Knoxville*. September Term, 1927.)

Opinion filed, December 19, 1927.

1. REVENUE. PRIVILEGE TAX. MANUFACTURERS. DEAL-
ERS. PACKING HOUSE.

A packing house where meat is packed is a "manufacturer" and
not a "dealer" as that term is generally used in the Revenue Act.
(Post, p. 295.)

Citing: Chapter 134, Acts of 1925; Neuhoff Packing Co. v. Sharpe,
146 Tenn. (19 Thomp.), 293; Chattanooga Plow Co. v. Hays, 125
Tenn. (17 Cates), 148; General Refining, etc., Co. v. Davidson
County, 139 Tenn. (12 Thomp.), 401.

2. REVENUE. PRIVILEGE TAX. PACKING HOUSE. MANU-
FACTURER. DEALER.

A packing house which occasionally purchases goods from another
and delivers them to its customers, such purchase being made only
for the purpose of filling an order for goods which the packing
house does not have, is not subject to the wholesale dealer's tax
provided for in our Revenue Act.  (Post. p. 295.)

---

*Headnotes 1. Licenses, 37 C. J., section 78; 2. Licenses, 37 C. J.,
section 78.

---

FROM HAMILTON.

---

Appeal from the Chancery Court of Hamilton County.
—HON. W. B. GARVIN, Judge.

J. H. McLEAN and SIZER, CHAMBLISS & SIZER, for com-
plainant.

T. W. STANFIELD and WILL F. CHAMLEE, for defendant.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

J. H. Allison & Company, incorporated, the appellant here, filed its bill in the Chancery Court of Hamilton County to enjoin the issuance and execution of a distress warrant against it, whereby the county court clerk was about to collect from it the privilege tax levied by the State on persons, firms and corporations engaged in the business of wholesale dealers in fresh meats or poultry, and a similar tax levied by Hamilton County. The tax claimed was that levied by Acts 1925, Chapter 134, the Revenue Act for that year.

(1) J. H. Allison & Company operate a business commonly known as a packing house. Its business is of the kind and has the essential characteristics of the business described in the opinion of this court in *Neuhoff Packing Co. v. Sharpe,* 146 Tenn., 293. It was, therefore, engaged in the business of a manufacturer, and was not, therefore, a "dealer," as that term is used generally in the Revenue Act. *Neuhoff Packing Co. v. Sharpe, supra; Chattanooga Plow Co. v. Hays,* 125 Tenn., 148; *General Refining & Producing Co. v. Davidson County,* 139 Tenn., 401.

As stated in the concluding paragraph of the case last cited, we do not consider the power of the legislature to levy a privilege tax on the business of a manufacturer, such as a packing house, but, following the cases cited, we hold that the legislature has not levied such a tax by language applying only to dealers.

(2) But in the present cause the Chancellor found that, in addition to the appellant's business as a manufacturer of meat products, it happened that on an average of about once a month, appellant received orders for

goods manufactured by it which it could not supply from its own manufactured stock; that on such occasions appellant purchased such goods from other packers or dealers at a price less than its own price, and furnished the goods so purchased to its own customers at a profit. While the Chancellor held that this business was small, as compared with appellant's annual gross sales of approximately $900,000, the Chancellor held that "each such transaction is an act of wholesaling and when indulged in on an average of once a month, they put complainant in the class of wholesale dealers." On this account the Chancellor held appellant liable for the privilege tax as a wholesale dealer.

The evidence of the appellant, which is not controverted, shows clearly that the products purchased by it from other packers and sold to its customers, were never purchased in quantities, and that each such transaction occurred in an emergency when appellant would not have in stock certain cuts of meats for which it had an order; and that this practice was purely incidental to the principal business of appellant as a manufacturer.

We are not able to concur with the Chancellor in holding that this practice rendered appellant liable to the privilege tax as a wholesale dealer. The language of the statute is that the tax is required of "each person, firm or corporation engaged in the business of wholesale dealers." Having manifested an intention not to impose this tax upon manufacturers of meat products, we do not think the legislature can be held to have intended to require the tax of such a manufacturer who finds it necessary, in aid of and as an incident to his manufacturing business, to supply his customers occasionally with products purchased from other manufacturers, even though in so doing a profit results.

It might be otherwise if the privilege tax was imposed upon a person making a single or isolated sale as a wholesale dealer, but here the tax is imposed only upon those engaged in the business of wholesale dealers. The appellant was not so engaged.

The decree of the Chancellor will be reversed, and a decree entered here according to the appellant the relief prayed in its bill.