[No. 16959.  Department Two.  February 16, 1922.]

THE STATE OF WASHINGTON, *Respondent,* v.
FRANK CATALINO, *Appellant.*[1]

INTOXICATING LIQUORS (49)—OFFENSES—UNLAWFUL POSSESSION—
EVIDENCE—ADMISSIBILITY.  In a prosecution for the illegal possession
of intoxicating liquor, evidence of which had been obtained by
means of a search warrant, it was error to deny the defendant the
right to cross-examine the prosecuting witness as to the validity of
the search warrant.

SAME (42)—OFFENSES—UNLAWFUL POSSESSION— COMPLAINT—SUF-
FICIENCY.  A complaint charging that defendant "had in his pos-
session intoxicating liquor other than alcohol," without stating the
nature of such liquor nor that it was capable of being used as a
beverage, was insufficient in that it did not apprise defendant of
the crime with which he was charged.

Appeal from a judgment of the superior court for
Pierce county, Card, J., entered May 9, 1921, upon a
trial and conviction of the unlawful possession of in-
toxicating liquor.  Reversed.

*S. A. Gagliardi,* for appellant.

*J. W. Selden* and *T. F. Ray,* for respondent.

MACKINTOSH, J.—The appellant was convicted in the
justice court, and subsequently, on appeal, in the supe-
rior court, on a complaint which charged that he "had
in his possession intoxicating liquor other than alco-
hol."  On the trial, the state introduced evidence that
the appellant's dwelling had been entered and evidence
obtained under a search warrant, which was introduced
in evidence.  The court denied the appellant the right
to cross-examine the witness as to the validity of the
search warrant.

Noticing this last claim of error first, we are inclined
to believe that the court should have permitted the

[1]Reported in 204 Pac. 179.

cross-examination, for it did not violate the rule that the trial court will not stop the trial for the purpose of inquiring into the manner in which the evidence is obtained, but that the defendant should, prior to the trial, apply to the court to have the evidence which he claims was unlawfully obtained suppressed. Such procedure could not, under the facts in this case, have been resorted to, for here the evidence was *prima facie* obtained lawfully, that is, at the time the search was made a search warrant was produced, and the first opportunity the appellant had to inquire into its validity was when it was introduced in evidence by the state.

Upon the question as to whether the complaint was sufficient, we are of the opinion that it was not, for it did not sufficiently inform the defendant as to what was charged against him, and it was so indefinite that a judgment upon it could not be used as a plea in bar to a further prosecution based upon the same facts. The statute under which the prosecution took place defines what constitutes intoxicating liquor, and provides that the possession of such intoxicating liquor capable of being used as a beverage is unlawful. The complaint did not state the nature of the intoxicating liquor which it alleged that the appellant possessed, nor did it state that the intoxicating liquor which he possessed was capable of being used as a beverage. So it is apparent that the appellant, reading the complaint, could not be apprised of the crime with which he was charged. See *State v. Carey*, 4 Wash. 424, 30 Pac. 729; *State v. Muller*, 80 Wash. 368, 141 Pac. 910. Nor do we think that the cases of *State v. Bodeckar*, 11 Wash. 417, 39 Pac. 645; *State v. Moser*, 98 Wash. 481, 167 Pac. 1101; and *State v. Koerner*, 103 Wash. 516, 175 Pac. 175, hold to any contrary doctrine. The *Bodeckar* case merely held that it was not necessary to state in the

information the name of the person to whom the sale was made. This was also the holding in the *Koerner* case, while in the *Moser* case it was merely held that the sale of intoxicating liquor to a minor rendered the defendant guilty, irrespective of his intention. It was not necessary to allege in the information in that case that the act had been done unlawfully or wilfully. In the *Koerner* case, the defendant was charged with unlawfully selling intoxicating liquor, in the exact language of the ordinance under which the defendant was prosecuted, it being unlawful for a druggist to sell intoxicating liquor. Here we have an entirely different situation. The statute does not make it a crime to have in possession intoxicating liquor, except such as is defined by statute.

The court should have granted the defendant's motion for arrest of judgment, and for that reason the judgment is reversed.

MAIN, HOLCOMB, and HOVEY, JJ., concur.

PARKER, C. J. (concurring)—I concur in the view that the case should be reversed because of the insufficiency of the complaint.