[No. 17373.    *En Banc.*    May 1, 1923.]

## The State of Washington, *Respondent,* v. John Misetrich, *Appellant.*[1]

Intoxicating Liquors (42)—Offenses—Jointist—Information—Sufficiency. In a prosecution for the crime of being a jointist, an information which charges the offense in the words of the statute, is sufficient, as against demurrer or motion in arrest of judgment, without alleging that the liquor was capable of being used as a beverage *(State v. Catalino,* 118 Wash. 611, overruled).

Same (50)—Offenses—Jointist—Evidence—Sufficiency. In a prosecution for the offense of being a jointist, evidence to show that defendant operated a soft drink parlor and that on different occasions whiskey was purchased from him in that place is sufficient to take the case to the jury.

Appeal (280)—Record—Instructions. Whether or not a requested instruction which correctly states the law should have been given to the jury is not open to review on appeal, in the absence of the instructions given.

Appeal from a judgment of the superior court for Grays Harbor county, Abel, J., entered December 10, 1921, upon a trial and conviction of being a jointist. Affirmed.

*Dan Pearsall,* for appellant.

*Austin M. Wade,* for respondent.

Main, C. J.—The defendant was charged with, tried, and convicted of the crime of being a jointist, and appeals from the judgment entered upon the verdict.

The material part of the information is as follows:

"That the said defendant, John Misetrich, in the county of Grays Harbor, state of Washington, on the 1st day of January, 1921, and thence continuously until about the 26th day of October, 1921, then and there being, was then and there a jointist, in that he did, then and there, wrongfully, unlawfully and feloniously

[1]Reported in 215 Pac. 13.

open up, maintain and conduct, a certain place at number 317 South H street, in the city of Aberdeen, Grays Harbor county, state of Washington, for the purpose of selling intoxicating liquor.''

The principal point made upon the appeal is that the information fails to charge a crime because it does not specify that the intoxicating liquor mentioned therein was ''capable of being used as a beverage.'' The statute (Laws of 1917, ch. 19, § 17h, p. 60), among other things, provides that:

''Any person who opens up, conducts or maintains, either as principal or agent, any place for the unlawful sale of intoxicating liquor, be and hereby is defined to be a 'jointist.' ''

By this statute, what is necessary to constitute being a jointist is defined. It will be observed that the information is in substantially the language of the statute. Informations in substantially the same form were held, in *State v. Rousseau,* 111 Wash. 533, 191 Pac. 634, and *State v. Niccoli,* 115 Wash. 543, 197 Pac. 923, to be good as against a demurrer or a motion in arrest of judgment. It has long been the settled rule that, where the statute defines a crime, it is sufficient to make the charge in the language of the statute. *State v. Ryan,* 34 Wash. 597, 76 Pac. 90; *State v. Martin,* 94 Wash. 313, 162 Pac. 356; *State v. Richter,* 95 Wash. 544, 164 Pac. 250; *State v. Randall,* 107 Wash. 695, 182 Pac. 575.

The appellant cites in support of his contention the case of *State v. Catalino,* 118 Wash. 611, 204 Pac. 179, where it was held that an information charging the illegal possession of intoxicating liquor was fatally defective if it was not further alleged that the liquor ''was capable of being used as a beverage.'' We have again considered that question and are now of the opinion that that case went too far in holding that, in

order to charge illegal possession of liquor, it was necessary to allege that such liquor was capable of being used as a beverage. The crime in that case was charged under another provision of the same section of the statute above cited, where it is made unlawful for "any person other than a regularly ordained clergyman, priest or rabbi actually engaged in ministering to a religious congregation, to have in his possession any intoxicating liquor other than alcohol." What constitutes the crime of unlawful possession of intoxicating liquor is there defined, and an information in the language of the statute is sufficient.

The appellant further contends that there was no evidence showing that he opened up, conducted or maintained a place for the sale of intoxicating liquor. The appellant was conducting a soft-drink parlor in the city of Aberdeen. There was evidence that on three or four different occasions moonshine whisky was purchased from him in this place, and this was sufficient to take the question to the jury. *State v. Greenwald*, 116 Wash. 463, 199 Pac. 730; *State v. Allen*, 122 Wash. 199, 210 Pac. 359.

Some complaint is made because the trial court did not give a requested instruction. The instructions given are not brought to this court, and therefore we are not in a position to determine whether the requested instruction should have been given, assuming, without deciding, that it correctly states the law.

The judgment will be affirmed.

FULLERTON, PARKER, HOLCOMB, TOLMAN, BRIDGES, PEMBERTON, and MITCHELL, JJ., concur.

MACKINTOSH, J. (concurring)—As time speeds on, I lay less and less claim to infallibility, and as the writer of the opinion in the *Catalino* case, I cheerfully

concur in the foregoing decision overruling it in so far as it determined the sufficiency of a complaint, for I am now satisfied that it stated an erroneous rule of law.