[No. 17415. Department Two. May 9, 1923.]

THE STATE OF WASHINGTON, *Respondent*, v. MRS. E. WHIPPLE, *Appellant*.[1]

INTOXICATING LIQUORS (42)—OFFENSES—JOINTIST—INFORMATION—SUFFICIENCY. In a prosecution for the crime of being a jointist, an information which charges the offense in the words of the statute is sufficient, as against demurrer or motion in arrest of judgment, without alleging that the liquor was capable of being used as a beverage.

SAME (49) — UNLAWFUL POSSESSION — EVIDENCE — ADMISSIBILITY. Upon a prosecution of unlawful possession of liquor with intent to sell the same, it is admissible to show, by the testimony of three police officers, that they remained in and about the accused's lodging house for about three hours, during which time 57 men visited the place, as tending to prove that the men went there for the purpose of buying liquor.

NEW TRIAL (49)—AFFIDAVITS—IMPEACHMENT OF VERDICT. A verdict of guilty cannot be impeached, on motion for a new trial, by the affidavits of three jurors that they consented to the verdict through a misunderstanding of the instructions given.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered January 3, 1922, upon a trial and conviction of the unlawful possession of intoxicating liquor. Affirmed.

*Davis, Heil & Davis*, for appellant.

*William C. Meyer* and *Louis F. Bunge*, for respondent.

TOLMAN, J.—Appellant was convicted in justice court and subsequently on appeal in the superior court, upon a complaint which charged: "The said defendent, Mrs. E. Whipple, then and there being, did then and there willfully and unlawfully have in her possession intoxicating liquor other than alcohol, with

[1]Reported in 215 Pac. 14.

the intention of selling and disposing of the same, contrary to the statute," etc.

Upon the trial in the superior court, after the jury was empaneled, the first witness was called and sworn and a question propounded to him, whereupon counsel for defendant entered objection to the introduction of any evidence, for the reason, among others, "that the complaint does not state facts sufficient to constitute a crime or misdemeanor of any kind." This objection was overruled and an exception was taken and preserved.

This ruling is assigned as error, the appellant relying upon *State v. Catalino,* 118 Wash. 611, 204 Pac. 179, where a like contention directed toward a complaint in the same language was sustained. The question involved in the *Catalino* case was afterwards submitted to the court sitting *En Banc* in the case of *State v. Misetrich, ante* p. 470, 215 Pac. 13, and, after full consideration, the *Catalino* case was, in effect, overruled. The complaint in this case was sufficient under the more recent ruling.

Appellant was arrested on this charge in a lodging house or hotel which she then operated, and three of the police officers then present were permitted to testify that they remained in and about the place for about three hours following the arrest, and that during that time fifty-seven men came into the place. The objection to this testimony was that it was incompetent, irrelevant and immaterial. The charge was that of having possession of intoxicating liquor with the intention of selling it, and it seems to us that this evidence was competent and material, as, in the light of the circumstances shown, the jury might very well believe that these men, or some of them, went to the lodging house for the purpose of purchasing liquor. Of course, the appellant was entitled to, and was permitted to, make

her explanation, and the whole matter was thus given to the jury to be weighed in connection with all of the other evidence in the case.

The motion for a new trial, made and presented in the court below, was supported by the affidavits of three of the jurors who tried the case, tending to show that they misunderstood the instructions given by the court, and consented to the verdict because of such misunderstanding. We cannot hold that these affidavits were other than an attempt on the part of these jurors to impeach their own verdict, and under oft-repeated rulings of this court, that may not be done.

The judgment appealed from is affirmed.

MAIN, C. J., FULLERTON, PARKER, and HOLCOMB, JJ., concur.