[No. 17869.   Department Two.   August 6, 1923.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM
GOFORTH, *Appellant*.[1]

INTOXICATING LIQUORS (42) — OFFENSES — INFORMATION — SUFFI-
CIENCY. An information for bootlegging in carrying about for un-
lawful sale "intoxicating liquor, to wit, moonshine whiskey," is
sufficient without alleging its intoxicating properties, in view of
Rem. Comp. Stat., § 7307, defining intoxicating liquor as including
whiskey; the words "moonshine whiskey" being surplusage.

CRIMINAL LAW (112)—INTOXICATING LIQUORS (49)—EVIDENCE OF
OTHER OFFENSES—INTENT. Under Rem. Comp. Stat., § 7328, making
the intent of one carrying about intoxicating liquor to make "un-
lawful sale" thereof the essence of the offense of bootlegging, it is
competent to prove unlawful sales made by accused subsequent to
the date of the offense charged, although there was no evidence of
previous sales.

Appeal from a judgment of the superior court for
Cowlitz county, Kirby, J., entered June 22, 1922, upon
a trial and conviction of bootlegging. Affirmed.

*Chas. D. McCarthy* and *Miller, Wilkinson & Miller,*
for appellant.

*Hite Imus, A. H. Imus,* and *Chester A. Shepherd,* for
respondent.

PARKER, J.—The defendant, Goforth, was, by infor-
mation filed in the superior court for Cowlitz county,
charged with the offense of being a bootlegger, as fol-
lows:

"He, the said William Goforth, on or about the 31st
day of March, 1922, A. D., in the county of Cowlitz,
state of Washington, then and there being, did then
and there wilfully, unlawfully and feloniously carry
about with him intoxicating liquor, to wit: moonshine
whiskey, the same to be used as a beverage for the
purpose of the unlawful sale thereof."

[1]Reported in 216 Pac. 882.

A trial in that court resulted in verdict and judgment of conviction being rendered against the defendant, from which he has appealed to this court.

It is first contended in behalf of appellant that the information does not sufficiently charge the offense, in that it fails to charge that the liquor, which it is alleged that appellant carried about for unlawful sale, was capable of being used as a beverage. The following sections of Rem. Comp. Stat. [P. C. §§ 3164, 3179h], are quoted in support of this contention: ·

"§ 7307. The phrase 'intoxicating liquor,' whenever used in this act, shall be held and construed to include whiskey, . . . and every other liquor or liquid containing intoxicating properties, which is capable of being used as a beverage, . . .

"§ 7328. . . . Any person who opens up, conducts or maintains, either as principal or agent, any place for the unlawful sale of intoxicating liquor, be and hereby is defined to be a 'jointist.' Any person who carries about with him intoxicating liquor for the purpose of the unlawful sale of the same be and hereby is defined to be a 'bootlegger.' "

It is plain that the information charges the offense in language which means the same as the above quoted portion of § 7328, defining the offense of being a "bootlegger," when we ignore the words "moonshine whiskey the same to be used as a beverage," found in the charging part of the information, which words, we are quite clear, may be ignored as surplusage. Our recent *En Banc* decision in *State v. Misetrich*, 124 Wash. 470, 215 Pac. 13, is decisive of this branch of the case, as against the contention of appellant, though we have an earlier Department decision which lends support to appellant's contention.

It is next contended in behalf of appellant that the trial court erred to his prejudice in admitting evidence of sales of intoxicating liquor, made by him subsequent

to the date of the commission of the offense as charged. It is to be noticed from the definition of the offense above quoted from § 7328, Rem. Comp. Stat., that the intent and purpose on the part of one carrying about intoxicating liquor to make "unlawful sale" thereof is of the very essence of this offense. This renders it proper for the state to offer any evidence of sales of intoxicating liquor made by the accused at or near the time he is charged to have committed the offense of carrying it about for such unlawful purpose. *State v. Hessel*, 112 Wash. 53, 191 Pac. 637; *State v. Hodges*, 121 Wash. 362, 209 Pac. 843; *State v. Douglas*, 122 Wash. 387, 210 Pac. 778.

It is argued, however, that such evidence was not admissible in this case because, as it is claimed, all evidence tending to show sales made at times other than at the alleged time of the commission of the offense, related to sales made thereafter. We are unable to see that this fact renders the evidence of the alleged sales inadmissible as tending to show intent and purpose on the part of the accused. Indeed, when one is accused of carrying about intoxicating liquor for the purpose of unlawful sale, it would seem that the proving of sales soon thereafter has even a more direct tendency to prove guilt of carrying liquor about for such purpose, than previous sales made by him. In *Elliott v. State*, 19 Ariz. 1, 164 Pac. 1179, the court seems to have squarely held that, so far as the admissibility of such evidence is concerned, it is immaterial whether it relates to sales made by the accused before or after the alleged commission of the offense. We agree with this view of the law, and conclude that the evidence was admissible. We do not understand counsel to contend that the time of making such sales was too remote to call for exclusion of evidence thereof.

Nor do we see anything in the record to warrant us in so holding, in any event.

It is finally contended that the evidence was insufficient to support the verdict and judgment. A review of the evidence convinces us that we would not be warranted in disturbing the verdict and judgment on this ground.

The judgment is affirmed.

MAIN, C. J., FULLERTON, TOLMAN, and PEMBERTON, JJ., concur.