[No. 18060. Department Two. January 23, 1924.]

THE STATE OF WASHINGTON, *Respondent*, v. ARTHUR
J. BAIRD, *Appellant*.[1]

INDICTMENT AND INFORMATION (73)—INTOXICATING LIQUORS (42)—
DUPLICITY—SEVERAL ACTS. An information charging the offense of
opening up, conducting and maintaining a place for the unlawful
sale of liquors is not multifarious in charging the several acts
cumulatively instead of disjunctively, as used in the statute.

INTOXICATING LIQUORS (50)—JOINTIST—OPENING AND CONDUCTING
PLACE—EVIDENCE—SUFFICIENCY. The evidence sustains a conviction
of conducting a place for the unlawful sale of liquors, although at
first it was conducted by a committee of a club, where the club had
turned the place over to the accused, who controlled and had sole
charge of it.

SAME (51)—OFFENSES—JOINTIST—OPENING AND CONDUCTING PLACE
—INSTRUCTIONS. In the absence of a request for a specific instruc-
tion upon an issue as to whether a place was run by the accused or
by a club, it is sufficient to instruct that the accused could not be
convicted unless the jury found that he was maintaining the place
for the unlawful purposes alleged.

SAME (51) — OFFENSES — JOINTIST — UNLAWFUL SALES—INSTRUC-
TIONS. In a prosecution for being a jointist, it is proper to instruct
that proof of actual sales by the accused is not essential, since that
is not the only character of evidence by which the fact may be
proved.

Appeal from a judgment of the superior court for
Whitman county, McCroskey, J., entered November 15,
1922, upon a trial and conviction of being a jointist.
Affirmed.

*Hanna, Miller & Hanna,* for appellant.

*LeRoy McCann,* for respondent.

FULLERTON, J.—Arthur J. Baird was convicted of
the offense of maintaining a place for the sale of in-
toxicating liquors, and appeals from the judgment pro-
nounced against him.

[1]Reported in 222 Pac. 218.

The evidence discloses that certain citizens of the
city of Tekoa formed an organization, known as the
Kle Klub, for recreational, social and amusement pur-
poses. The club rented a hall and fitted it up with the
ordinary fixtures usually found in such places. The
rules of the club provided for its government by a
house committee to be elected from time to time, and
at the time of the organization of the club, such a com-
mittee was elected. Later on, the management of the
club was turned over to the appellant, Baird, who col-
lected the regular dues, paid the running expenses, and
was permitted to keep for his services any surplus that
might remain. While under the management of the
appellant, the place was kept under lock and key—
there being, in fact, at the front entrance two locked
doors through which the patrons of the place had to
pass before they could enter the recreation room. Keys
to the doors were not given to the members generally,
but were under the control of the appellant.

On August 5, 1922, the sheriff of the county in which
the club was situated, with other officers, acting under
the authority of a search warrant, broke into and
entered the club room. They found therein the appel-
lant and some eight or ten of the club members, certain
of whom were under the influence of intoxicating
liquor. In one end of the room was a bar or counter,
back of which were a number of drinking glasses of
various sizes arranged in order, having the appearance,
as the sheriff testified, "of a regular, old-time saloon."
Searching under and back of the bar and in an ice chest
nearby, the officers found, in various containers, some
two or more gallons of moonshine whiskey. The officers
further testified that they found the appellant in charge
of the place, and that he told them, when questioned,
that the liquors and glasses were his.

There was no evidence of actual sales of liquor, and

the appellant testified that he had never sold any liquor in the place, that the liquor found there was not his, and that he did not, in fact, know it was there.

The appellant first assigns error on the order of the court refusing to sustain his challenge to the information. The information charges that the appellant, at the time and place mentioned, did "open up, conduct and maintain a place for the sale of intoxicating liquors." It is argued that each of these acts constitute a separate and distinct offense, and to charge in one information the doing of all three of them makes the information multifarious. But the argument mistakes the rule. Where the statute enumerates several acts in the alternative, the doing of any one of which is subjected to the same punishment, all of the acts may be charged cumulatively as one offense. The question is reviewed and the authorities collected in *State v. Gipson*, 92 Wash. 646, 159 Pac. 792, and the present information is justified by the authority of that case.

The second assignment of error is that the evidence does not justify the verdict. More precisely, the contention is that the appellant was charged with opening up, conducting and maintaining the place, while the evidence is that it was so opened up, conducted and maintained by the club named, with which the appellant had no more to do than did any other member of the club. But this is not our view of the evidence. Possibly for a time after its origin, the place was conducted by a house committee elected from the members of the club, but the evidence was ample to warrant the jury in finding that the method of management had been subsequently changed, that the appellant was vested with the sole charge of the place, and that, at the time stated in the information, he alone was responsible for its management and control—in other words, that he and not the club was then conducting and maintaining it.

In the foregoing connection it is complained that the court did not instruct the jury on the appellant's theory of the case, namely, that it was the club and not the appellant that was conducting and maintaining the place. But conceding the evidence justified such an instruction, we do not find error in the mere fact that such an instruction was not given. The court instructed the jury in direct and positive language that they could not find the appellant guilty of the crime charged in the information unless they found that he was conducting or maintaining the place where the intoxicating liquors were found as a place for the unlawful sale of intoxicating liquor. This was sufficient to put the issue before the jury, and, in the absence of a request for a more specific instruction, was sufficient to satisfy the law. It must be remembered that what we say concerning the question here presented is said in an endeavor to show that the instructions are without error even on the appellant's construction of the effect of the evidence. It must not be understood that we are sanctioning the doctrine that individuals can escape the penalties attached to the unlawful possession and unlawful vending of intoxicating liquors by organizing themselves into clubs or by the organization of corporations. In such instances the individuals conducting and managing the club or corporation are personally liable for criminal acts committed in the name of the organization, even though the fictitious entity may be the ostensible possessor or vendor. Here, by his own admission, the appellant was the manager of the club, and we cannot think he was even entitled to the instruction he contends the court should have given.

The court instructed the jury to the effect that mere want of proof of actual sales by the appellant at the place stated in the information would not prevent them from finding him guilty of the crime charged. This is

thought to be erroneous under the rule of *State v. Brown*, 121 Wash. 371, 209 Pac. 855, but an examination of that case will show that the instruction there held erroneous differs widely from the instruction here given. Moreover, it was said in that case that had the court plainly told the jury that mere want of proof of actual sales by the defendant at the place stated in the information would not of itself prevent them from finding the defendant guilty of maintaining a place for the sale of intoxicating liquor, it would not have been objectionable. This, while perhaps not an authoritative pronouncement, we have no doubt states the correct rule. Evidence of actual unlawful sales of intoxicating liquors at a particular place is, of course, competent as tending to prove that the place was maintained for the purpose of making such sales, but it is not the only character of evidence by which the fact may be proved. The situation of the place, its surroundings, and the things found thereat, may point unerringly to the purposes for which the place is maintained, and as a precautionary instruction the jury may well be told that they need not find an actual sale in order to find the accused guilty. The instruction given does no more than this, and we conclude it was without error.

The judgment is affirmed.

MAIN, C. J., BRIDGES, MITCHELL, and PEMBERTON, JJ., concur.