[No. 19312.    Department Two.    July 27, 1925.]

THE STATE OF WASHINGTON, *Respondent*, v. JACK HARRIS, *Appellant*.[1]

INTOXICATING LIQUORS (30, 50)—OFFENSES—UNLAWFUL POSSESSION —EVIDENCE—SUFFICIENCY. A conviction of unlawful possession of liquor is sustained where it appears that accused was one of a party engaged in a drunken bout, and that, on the sheriff appearing with a search warrant, accused started to pour intoxicating liquor from a bottle upon the floor.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered October 18, 1924, upon a trial and conviction of the unlawful possession of intoxicating liquor. Affirmed.

*J. W. Brooks* and *Earl W. Benson,* for appellant.

FULLERTON, J.—The appellant, Jack Harris, was charged with the offense of unlawful possession of intoxicating liquor, and of having once before been convicted of a like offense. The jury found him guilty as charged, and the appeal is from the judgment and sentence pronounced upon the verdict.

The assignments of error raise but a single question, namely, the sufficiency of the evidence to justify the verdict. And this question is further narrowed to the evidence introduced to show unlawful possession; it is not questioned that the evidence was sufficient to

[1]Reported in 237 Pac. 1005.

show the former conviction. On the question of unlawful possession, the evidence was in substance this: The sheriff of Walla Walla county, at about six o'clock in the evening of August 14, 1924, received a telephone call notifying him that certain persons were conducting themselves disorderly in a dwelling house situated in East Walla Walla. Shortly thereafter, he went to the place from whence the call came, and, after making further inquiry as to the nature of the disorderly conduct, caused a search warrant to be sworn out, authorizing a search of the place at which the disorderly conduct occurred for intoxicating liquor. Armed with the warrant, he went to the place, and found the appellant and a young woman on the porch of the dwelling. It was then quite dark, and there were no lights either on the porch or in the house. The sheriff informed the parties of the purpose of his visit, and told them to go in the house and turn on a light when he would read the warrant to them. The appellant and the young woman preceded the sheriff into the house. The appellant, on entering the house, began pouring some form of liquid from a bottle onto the floor. The bottle was seized by the sheriff before all of its contents were poured out, and it subsequently proved that the bottle contained intoxicating liquor capable of being used as a beverage. There was a third person in the house when the sheriff entered. All of the persons were found to be under the influence of intoxicating liquor. The appellant was arrested for the offense of unlawful possession of intoxicating liquor and the others for disorderly conduct.

The sheriff was unable to testify from what source the appellant obtained the bottle of liquor; that is to say, he was unable to tell whether he picked it up from a table in the room or took it from his pocket. The appellant testified at the trial that he picked it up from

the table; that he had not seen the bottle before; that it did not belong to him; that he did not know when he picked it up what it contained; and that he picked it up and started to empty it because he thought that "if it should happen to be liquor" he "did not want to see the officers get it."

The evidence is meagre as to the relationship the parties found in the house bore thereto. Ownership was shown to be in a person not then present, but whether the parties involved were there with the owner's consent or were mere trespassers, the evidence is silent.

The appellant relies for reversal on the case of *State v. Jones,* 114 Wash. 144, 194 Pac. 585. We cannot think the case in point. There the only act shown by the person found guilty of possession was that he, while visiting at a friend's house, took and drank a glass of intoxicating liquor handed him by his host. It was said that this was not such a possession as the statute contemplates; that it was not the intention of the law "to make a criminal of every person who might partake of a friend's hospitality." But we think we need not question the soundness of that case in order to sustain the conviction in this one. Here the facts warrant the conclusion that the purpose of the visit to the house by all of the persons found therein was to engage in a drunken bout. That they had intoxicating liquor with them and that they had made a liberal use of it, the evidence abundantly shows. It would seem that this in itself would warrant the jury in finding all of the persons guilty of unlawful possession of the liquor, but when the appellant's acts with relation to the liquor after the appearance of the officer are considered, clearly there is evidence sufficient to justify a finding that he at least was guilty of unlawful possession.

In our opinion, the evidence justifies the verdict, and the judgment will be affirmed.

TOLMAN, C. J., MITCHELL, MACKINTOSH, and HOL-COMB, JJ., concur.