[No. 18757. Department One. December 8, 1925.]

THE STATE OF WASHINGTON, *Respondent*, v. R. H. HARKNESS *et al., Appellants.*[1]

INTOXICATING LIQUOR (31, 49)—JOINTIST—EVIDENCE—ADMISSIBILITY. In a prosecution for operating a joint, which is a continuing offense, evidence that sailors resorted to the place some weeks prior to the time charged, and that liquor was found in their possession when they were leaving the place, is admissible as reasonably tending to prove the purpose for which the place was operated.

SAME (31, 49). Such evidence is not without probative force, or too remote, where the circumstance occurred less than two months prior to the offense charged.

Appeal from a judgment of the superior court for Kitsap county, French, J., entered November 14, 1924, upon a trial and conviction of being a jointist. Affirmed.

*G. F. Vanderveer, W. G. Beardslee,* and *S. B. Bassett,* for appellants.

*Ray R. Greenwood,* for respondent.

ASKREN, J.—The defendants appeal from conviction on a charge of being jointists on or about October 5, 1923.

At the trial of the action, there was evidence that appellants maintained room 24, in a lodging house in

[1]Reported in 241 Pac. 297.

the city of Bremerton; that sales of liquor were made to a deputy sheriff; that sailors resorted to the room in question, and that, on August 18, which was seven weeks prior to the time alleged in the information, a police officer saw two sailors go to the room, and that five minutes later they reappeared and he searched them at the door of the room and found certain liquor in their possession. This is all the testimony that need be noted for the purpose of discussing the assignments of error.

Appellants complain of the admission of the testimony of the police officer who took the liquor from the sailors in August. The objection to this testimony seems to be two-fold: (1) that it referred to a separate and distinct offense from that with which they were charged, and (2) that the evidence was of no probative value and did not tend to prove the crime charged.

Appellants contend that, under our decision in *State v. Smith,* 103 Wash. 267, 174 Pac. 9, this evidence was improper. In that case, the defendant was charged with selling morphine without a physician's prescription, and we there held that evidence of other sales was not admissible for the purpose of proving the crime charged, which was that of selling morphine, because proof of one sale does not tend to prove the charge of a different sale. In this case, the appellants are not charged with a sale, but are charged with running a joint, which is a continuing offense, and any facts and circumstances which reasonably tend to prove the purpose for which the place is operated are admissible. *State v. Whipple,* 124 Wash. 578, 215 Pac. 14; *State v. Baird,* 128 Wash. 166, 222 Pac. 218; *State v. Kaukos,* 109 Wash. 20, 186 Pac. 269.

In the latter case, evidence was held to be properly admitted which tended to show that the defendant was guilty of the crime of operating a gambling

game; and the *Smith* case, *supra,* relied upon by ap-
pellants, was distinguished as not coming within the
rule of those cases where proof is admitted for the
purpose of showing the intent with which the place is
being operated. Since the operation of a joint is a
continuing offense, we think it can hardly be said that
evidence of sailors resorting to this room in August,
and the finding of liquor in their possession as they
emerged from the room, had no probative value. The
weight of such evidence was for the jury to determine.

Appellants urge that the situation is very similar to
that of *State v. Lesh,* 132 Wash. 316, 232 Pac. 305. In
that case, evidence was offered that, some five and one-
half months after the defendant's arrest, there was
found a secret compartment on the premises which
contained some liquor. It was there pointed out that
the time when this liquor was found was so remote
that the evidence was inadmissible. However, we think
the situation in the present case is materially different.
In that case, the evidence was of something subsequent
to the time charged; in this, it was prior; in that,
almost six months had expired; in this, less than two
months.

The judgment is right and it is affirmed.

TOLMAN, C. J., HOLCOMB, FULLERTON, and MITCHELL,
JJ., concur.