[No. 20682.  Department One.  November 28, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. E. A. JOHN-
STON, *Appellant*, THOMAS DAVIS, *Defendant*.[1]

[1] INTOXICATING LIQUORS (49)—UNLAWFUL POSSESSION—EVIDENCE—
ADMISSIBILITY. In a liquor prosecution, bottles obtained under a
search warrant are admissible in evidence when properly
identified.

[2] CRIMINAL LAW (316) — INSTRUCTIONS — REQUESTS — ALREADY
GIVEN. Error cannot be predicated on the refusal of requested
instructions amply covered in others given.

[3] INTOXICATING LIQUORS (51)—UNLAWFUL POSSESSION—INSTRUC-
TIONS. In a liquor prosecution, it is proper to instruct that
possession exists when the property is in the individual oc-
cupancy of a party or his agent, frequently expressed as pos-
session in fact.

[4] SAME (49)—UNLAWFUL POSSESSION—EVIDENCE—ADMISSIBILITY.
In a liquor prosecution it is proper to admit evidence that the
accused was intoxicated at the time of his arrest.

Appeal from a judgment of the superior court for
Adams county, Truax, J., entered December 24, 1926,
upon a trial and conviction of unlawful possession of
liquor. Affirmed.

*W. O. Miller,* for appellant.

*Richard B. Ott,* for respondent.

FRENCH, J.—On June 12, 1926, two deputy sheriffs,
having in their possession a search warrant, went to
the premises of appellant Johnston, and being unable
to arouse any of the occupants of the house, and finding
the door unlocked, entered and found Johnston and
Davis asleep. There was found in the room near the
head of the bed a bottle of moonshine whiskey, and
several practically empty bottles, each containing a
few drops of moonshine whiskey. At the time of the

[1]Reported in 261 Pac. 388.

arrest, there was some difficulty in awakening the defendants, both deputies testifying that the defendants were intoxicated. They were charged with the crime of unlawful possession of intoxicating liquor. Davis was found not guilty by the jury, and Johnston was found guilty, and appeals.

[1] Complaint is made that the court erred in admitting in evidence the bottles seized. The record shows that they were sufficiently identified and there was no error in their admission.

[2] Complaint is also made as to the failure of the court to give certain proposed instructions, but the matters contained therein were amply covered by the court in other instructions that were actually given.

[3] Complaint is also made that the court erred in defining "possession," the part of the instruction complained of reading as follows:

"Actual possession exists when the property is in the individual occupancy of a party or his agent and is expressed frequently as 'possession in fact'."

This is a correct statement of the law. *State v. Spillman,* 110 Wash. 662, 188 Pac. 915; *State v. Parent,* 123 Wash. 624, 212 Pac. 1061.

[4] As to the testimony relative to the defendants being intoxicated at the time of the arrest, we think this is admissible. *State v. Thompson,* 132 Wash. 124, 231 Pac. 461; *State v. Harris,* 135 Wash. 446, 237 Pac. 1005; 16 C. J., 574.

We find no error in the record. Judgment affirmed.

MACKINTOSH, C. J., PARKER, MITCHELL, and TOLMAN, JJ., concur.