[No. 20884. Department One. February 7, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. HARRY GRAMPS, *Appellant*.[1]

[1] ARREST (6)—INTOXICATING LIQUORS (53)—AUTHORITY TO ARREST AND SEARCH WITHOUT WARRANT. The arrest and search without warrant of one accused as a bootlegger is warranted by reasonable cause to believe he had committed a felony, where the officers knew he had been twice before convicted of violation of the liquor laws, and had, within fifteen minutes, seen him disposing of what appeared to be intoxicating liquor, and watched for and arrested him on his return.

[2] CRIMINAL LAW (55)—FORMER JEOPARDY—IDENTITY OF OFFENSES —DIFFERENT OFFENSES IN SAME ACT. The offense of unlawful possession of liquor is not identical with or included in the offense of bootlegging, defined by the statute as "carrying about intoxicating liquor for the purpose of unlawful sale;" hence the two may be joined and convictions had upon both, without putting the accused twice in jeopardy for the same offense.

[3] INTOXICATING LIQUORS (50)—CRIMINAL PROSECUTION—EVIDENCE —SUFFICIENCY. A conviction of bootlegging through the sale of "moonshine" whiskey is sustained by testimony of the chemist that the liquid was "alcohol and water" where the fair inference was that he had reference to the alcoholic contents.

Appeal from a judgment of the superior court for Spokane county, Witt, J., entered March 26, 1927, upon a trial and conviction of bootlegging. Affirmed.

[1]Reported in 263 Pac. 951.

*Edward M. Connelly* and *Milton S. Hanauer,* for appellant.

*Chas. W. Greenough* and *Del Cary Smith, Jr.,* for respondent.

FRENCH, J.—About six o'clock on the evening of February 8, 1925, four police officers of the Spokane police department, armed with a search warrant, entered a pool hall in the city of Spokane and thoroughly searched the premises, looking for intoxicating liquor, but found none. Some time later in the evening, the four officers returned to the premises, and secreting themselves, watched certain transactions which took place. At that time they saw a stranger come into the pool hall and speak to the man behind the bar. The bar tender called out some signal, and the appellant Gramps went back into the balcony out of view of the officers, and returning a few moments later handed to the stranger a pint bottle containing some light brown liquid. Payment was made to the bar tender, the officers being unable to see the exact amount of money, and very shortly thereafter the appellant Gramps left the room by the front door. The officers watched him drive away in his car, and concealing themselves, awaited his return. In about ten minutes, the appellant returned and the officers immediately placed him under arrest, and upon seaching him found five bottles of what is described as moonshine whiskey. The defendant was charged by an information containing two counts, the charging part of the information being as follows:

"Count 1. That the said defendant, Harry Gramps, in the county of Spokane, state of Washington, on or about the 8th day of February, 1927, then and there being, did then and there wilfully unlawfully and feloniously carry about with him intoxicating liquor, to-wit:

moonshine whiskey, for the purpose of unlawful sale of the same.

"Count 2. That the said defendant, Harry Gramps, in the county of Spokane, state of Washington, on or about the 8th day of February, 1927, then and there being, did then and there wilfully and unlawfully have in his possession intoxicating liquor, to-wit: moonshine whiskey, with intent then and there to sell, barter and exchange the same.

"That the said defendant, Harry Gramps, on the 9th day of March, 1916, in cause No. 11466, was convicted before Hon. Fred H. Witt, justice of the peace in and for Spokane precinct, Spokane county, Washington, with the crime of selling intoxicating liquor

"That the said defendant, Harry Gramps, on the 7th day of January, 1920, in cause No. 12769, was convicted by the Hon. G. W. Stocker, justice of the peace in and for Spokane precinct, Spokane county, Washington, with the crime of manufacturing intoxicating liquor."

The case came on regularly for trial, and the following verdicts were returned by the jury:

"We the jury in the case of
STATE OF WASHINGTON, Plaintiff
vs.
HARRY GRAMPS, Defendant
find the defendant GUILTY as charged in the information in Count one."

The second verdict reads:

"We the jury in the case of
STATE OF WASHINGTON, Plaintiff
vs.
HARRY GRAMPS, Defendant
find the defendant GUILTY as charged in the information in Count Two."

There are two other verdicts in the case as shown by the transcript, one of which found the defendant guilty on count one, and the other found the defendant guilty on count two. The last three verdicts are marked "Void."

There is also a special finding by the jury reading:

"We the jury in the case of State of Washington, Plaintiff, vs. Harry Gramps, Defendant, find that the defendant has been [state how many times] twice previously convicted of a violation of the intoxicating liquor laws of the State of Washington."

[1] By due and timely application, the defendant asked to have the liquor taken from his person by the police officers at the time of his arrest suppressed. There is no merit in this motion. The facts, as we have detailed them and as revealed by the record, show that this man had twice before been convicted of violations of the liquor laws, and this was known to some of the officers; that within less than fifteen minutes from the time of his arrest, the officers had seen him actually disposing of what they believed to be intoxicating liquor; that they had watched him leave the place where the sale had been made, and immediately arrested him on his return. They certainly had reasonable and just cause for believing that a felony had been committed and that the defendant was the guilty party. The arrest and search incident to the arrest were, therefore, under the repeated holdings of this court, entirely justified and the bottles taken from his person under such circumstances admissible in evidence against him.

[2] It is also urged as error that count two of the information is included within count one. This court has held otherwise in *State v. Peck, ante* p. 101, 261 Pac. 779.

[3] Complaint is also made that the testimony of the city chemist shows that the liquid contained in the bottles was alcohol and water. There is, however, other testimony in the record showing that the liquid contained in the bottles was moonshine whiskey, and we think the fair inference from reading all of the testi-

mony of the city chemist is that the particular statements on which this argument is based went only to the question of the alcoholic contents of the liquid.

The further assignments of error we find without merit.

Affirmed.

MACKINTOSH, C. J., MITCHELL, TOLMAN, and PARKER, JJ., concur.