[No. 21152. Department One. July 6, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. OTTO
ANDERSON *(true name Otto Kindlund) et al.,*
*Appellants.*[1]

[1] CRIMINAL LAW (123)—INTOXICATING LIQUORS (53)—EVIDENCE
PROCURED BY SEARCH—COMPETENCY. Upon a charge of maintaining a joint in two rooms of a suite, liquor obtained on a search
of the rooms, and of connecting rooms occupied by the defendant is admissible in evidence.

[2] SAME (123). Defendant arrested by officers with reasonable cause
to believe that he was committing a felony, may be searched
and liquor found is admissible, where it tends to throw light on
the offense with which he was charged.

[3] CRIMINAL LAW (316)—INSTRUCTIONS—REQUESTS ALREADY GIVEN.
It is not error to refuse instructions in the language requested,
if the substance is given in other instructions.

[4] INTOXICATING LIQUORS (42)—JOINTIST—INFORMATION. An information charging the offense of being a jointist, in the language
of the statute, is sufficient.

[5] INTOXICATING LIQUORS (30, 51)—OFFENSES—JOINTIST—PRESUMPTIONS—INSTRUCTIONS. In a prosecution of jointists, it is not
error to instruct that proof of possession is *prima facie* evidence
that liquor was kept for unlawful sale, where the jury has found
that liquor was found in the place operated by defendants.

Appeal from a judgment of the superior court for
King county, Moriarty, J., entered October 3, 1927,
upon a trial and conviction of jointists. Affirmed.

*Charles H. Miller,* for appellants.

*Ewing D. Colvin,* for respondent.

FRENCH, J.—The defendants, together with one Axel
Johnson, were charged by information with the crime
of being jointists, the charging part of the information being as follows:

[1]Reported in 268 Pac. 874.

"They, said Otto Anderson, Mary Anderson, and Axel Johnson, and each of them, in the County of King, State of Washington, on the 7th day of May, A. D. 1927, did then and there wilfully, unlawfully and feloniously open up, conduct and maintain a place at number 2018 9th avenue, in rooms numbered 6 and 7, in the city of Seattle, said county and state, for the unlawful sale of intoxicating liquor."

The errors complained of will be grouped under two heads: First, the admission of certain exhibits; and second, the failure to give certain requested instructions.

[1] The facts in the case seem to indicate that the appellants were living in a suite of rooms at No. 2018 9th avenue. This suite consisted of four rooms, the living rooms being numbered 6 and 7. A large number of witnesses testified to having purchased liquor from appellants in rooms numbered 6 and 7. Other liquor was seized by the arresting officers in rooms numbered 6 and 7, and certain of the exhibits were found in the adjoining and connecting rooms of the suite. The door into these adjoining rooms was open and those who purchased liquor testified that sometimes the liquor would be in either room 6 or room 7, and sometimes the party selling it would go into one of the adjoining rooms and bring the liquor out.

At the time the search was made and certain of the liquor seized, appellant Otto Kindlund was not present. As the officers were leaving the rooms, they met Otto Kindlund at the entrance to the premises and there arrested him, searched him and took certain of the exhibits from his person. Certain of the marked money which had been used in purchasing the liquor was found in the rooms in question, and part of it was found in the adjoining room.

The testimony conclusively shows that all four of these rooms were used by the appellants as their residence. The testimony also seems to indicate that sales generally took place in rooms numbered 6 and 7.

No objection seems to have been made to the search of these two adjoining rooms, and no motion was made to suppress the evidence either before or during the trial. There seems to be no reason why, when persons are charged with conducting a joint in two of the rooms of a suite which they are admittedly occupying, there cannot be offered in evidence liquor obtained in adjoining or connecting rooms which are a part of the same suite or premises admittedly occupied by the defendants. *State v. Andrich,* 135 Wash. 609, 238 Pac. 638; *State v. Voelker,* 137 Wash. 156, 242 Pac. 6.

[2] Certain of the exhibits were taken from Otto Kindlund at the time of his arrest. The evidence conclusively shows that the arresting officers had reasonable cause to believe, and did believe, that the appellant Otto Kindlund was committing a felony, and his own admissions seem to confirm this fact. He having been legally placed under arrest, the officers had a right to search him, and whatever was found on his person at the time of the search, tending to throw light on the offense with which he was charged, was admissible in evidence. *State v. Evans,* 145 Wash. 4, 258 Pac. 845; *State v. Gramps,* 146 Wash. 509, 263 Pac. 961; *State v. Deitz,* 136 Wash. 228, 239 Pac. 386.

[3] No good purpose can be served by setting up appellants' proposed instructions. One of these instructions appears to have been given as requested. Instruction No. 1 is in part clearly objectionable, but together with the third requested instruction was, in so far as proper, covered in other instructions. It is not error to refuse to give instructions, the substance

of which has been covered by other instructions. *State v. Johnston,* 145 Wash. 638, 261 Pac. 388.

[4] Certain objections are made to the form of the information. But the form of this information has been approved in the following cases: *State v. Burgess,* 111 Wash. 537, 191 Pac. 635; *State v. Misetrich,* 124 Wash. 470, 215 Pac. 13; *State v. Goforth,* 126 Wash. 56, 216 Pac. 882; *State v. Baird,* 128 Wash. 166, 222 Pac. 218.

Complaint is also made that the court instructed the jury as to proof of possession of intoxicating liquor being *prima facie* evidence that such liquor was held and kept for unlawful sale or disposition. But in this case, the court also gave the qualifying instruction which this court held must accompany such instruction. *State v. Lesh,* 132 Wash. 316, 232 Pac. 305; *State v. Kallas,* 133 Wash. 23, 233 Pac. 315.

We find no error in the record.

Affirmed.

FULLERTON, C. J., PARKER, MITCHELL, and TOLMAN, JJ., concur.