[No. 21592. Department One. April 1, 1929.]

THE STATE OF WASHINGTON, *Respondent*, v. JAY MEANY et al., *Appellants.*[1]

H. *Sylvester Garvin*, for appellants.
*Ewing D. Colvin* and *R. L. Bartling*, for respondent.

FULLERTON, J.—The appellants, Jay Meany and Frank Joseph Ellison, were convicted by a jury of the crime of opening up, conducting and maintaining a place for the unlawful sale of intoxicating liquor, and sentenced to terms in the penitentiary.

The place the appellants were charged with opening up, conducting and maintaining, is a suite of rooms in

[1]Report in 276 Pac. 88.

an apartment house, in the city of Seattle. The evi-
dence on the part of the state tended to show that a
Federal prohibition agent went to the rooms in the
afternoon of March 29, 1928, in the company of a
person called "an under-cover man," and, finding the
appellant Ellison in the room, the agent purchased
from him a half pint of intoxicating liquor. Later on
in the evening of the same day, the agent, with the
same person, returned to the rooms, where they found
the appellant Meany, from whom the agent made a
similar purchase. The agent, in company with an-
other agent, made three subsequent visits to the place,
at each of which times purchases of liquor were made.
On two of the visits, they found Meany alone in the
rooms, and made the purchases from him. On the
third visit both of the appellants were in the rooms.
Subsequently, the Federal officers raided the place,
finding Meany within the room when they entered.
Ellison shortly afterward appeared at the door of the
rooms, and was detained by the officers. In the search
of the rooms made at this time, no intoxicating liquors
were found, but, in a nearby locker, the officers found
a number of empty pint flasks and quart bottles.
While the search was going on, a number of persons
called at the rooms, two of whom, at least, sought to
purchase liquor. There was further evidence tending
to show the presence of the appellants in and about the
rooms on other occasions than those before mentioned;
and evidence to the effect that the room had no other
occupants.

The appellants challenge the sufficiency of the
evidence to sustain the verdict and sentence. They
concede that the testimony was possibly sufficient to
sustain a conviction of the misdemeanor of selling in-
toxicating liquors unlawfully, but contend, with much
earnestness that they are not guilty of the felony of

which they were convicted. The principal argument is that there was no evidence tending to show that they were the lessees or proprietors of the rooms from which the unlawful sales were made; and that, in so far as the evidence disclosed the lessee and proprietor, it disclosed that the lessee was a third person, who actually paid the rental of the rooms. It is true that the evidence on the part of the appellants tended to show that the lessee of the rooms was a third person, and that the appellant who paid the rental to the landlord, stated, at the time of the payment, that the third person had given him the money with which to pay the rent, and that he paid it at his request and on his behalf; but these circumstances, even conceding that the jury were bound to take them at their face value, by no means exonerate the appellants. The appellants, in so far as the evidence discloses, were the sole occupants of the rooms, they alone made sales of intoxicating liquors therefrom, and the rooms constituted a place to which resort could be made for the unlawful purchase of intoxicating liquors. Manifestly, we think, these facts warranted a finding on the part of the jury that the appellants conducted and maintained the place.

█ It is next assigned that the court erred in permitting the state to show that, at the time the officers were searching the rooms, a number of persons called at the place, and that certain of them expressed a desire to purchase intoxicating liquors. But, clearly, this was competent evidence to show the purpose for which the rooms were being maintained. The weight of evidence of this character will vary with the circumstances, but its competency as evidence is not to be doubted. *State v. Whipple,* 124 Wash. 578, 215 Pac. 14; *State v. Harkness,* 136 Wash. 691, 241 Pac. 297.

■ It is next complained that the court erred in its instructions to the jury. The argument is directed to the applicability of the instructions to the evidence, rather than to their inherently erroneous character. It is said, concerning the first to which objection is made, that it permits the appellants to be convicted as accessories to the crime of opening up, conducting, or maintaining a place for the unlawful sale of intoxicating liquors, whereas the evidence established, if it established anything at all, that the appellants were guilty as principals and not as accessories. But the instruction, as we read it, is not susceptible of the interpretation the appellants put upon it. The court but stated to the jury the different circumstances under which the appellants would be guilty of conducting or maintaining the place as principals, making no reference to their guilt as accessories. As these circumstances were correctly defined, we find no error in the instruction.

■ The other instruction said to be erroneous, is the following:

"While the unlawful possession of intoxicating liquor is *prima facie* evidence that such intoxicating liquor was possessed for the purpose of unlawful sale or disposition, the mere fact of the unlawful possession of intoxicating liquor in any place or establishment does not raise any presumption of law that such place or establishment was a place or establishment opened up, conducted or maintained for the unlawful sale of intoxicating liquor; or, in other words, that such place was a joint."

This instruction was given to cover a situation the appellants sought to establish by their proofs, and, assuredly, it contains nothing of which they can complain.

The other errors assigned but raise in another form

the claims of error already noticed, and need no separate consideration.

The judgments and sentences appealed from are affirmed.

TOLMAN, HOLCOMB, MAIN, and FRENCH, JJ., concur.