[No. 22828. Department Two. February 16, 1931.]

THE STATE OF WASHINGTON, *Respondent*, v. SAM LAZZERI, *Appellant*.[1]

*Henry Clay Agnew*, for appellant.

*Robert M. Burgunder, Ewing D. Colvin*, and *R. L. Bartling*, for respondent.

MILLARD, J.—Defendant was, by the verdict of a jury, found guilty of the crime of being a jointist, as charged by an information filed in the superior court for King county. The information charged that defendant

". . . on or about the 27th day of September, A. D. 1929, wilfully, unlawfully and feloniously did then and there open up, conduct and maintain a place" at his residence in the city of Seattle for the unlawful sale of intoxicating liquor. From judgment and sentence entered against him upon the verdict, the defendant has appealed.

The only assignment is that the court erred in admitting testimony as to a sale of beer at appellant's residence by Leonard Acy to a Federal agent. The assignment is without merit. Appellant and Acy were partners. On July 26th, 1929, they con-

[1]Reported in 295 Pac. 946.

ducted the Federal agent to appellant's residence and there sold to him intoxicating liquor. On July 30th, two other persons went to the appellant's residence and purchased intoxicating liquor from appellant. The bottles of liquor then purchased were placed in a shopping bag for the purchasers by the appellant's wife. On August 5th and August 10th, 1929, two persons went to appellant's residence and purchased from him and his wife intoxicating liquors.

The testimony of which appellant complains is to the effect that, on August 17th, 1929, two Federal agents called at appellant's residence. Appellant was absent. The agents then endeavored to purchase a case of beer from appellant's wife, who informed them that at that time none was on hand. A few minutes thereafter, an automobile in which Acy, appellant's partner, was riding approached the residence. Appellant's wife told her prospective purchasers ''Just a minute,'' went outside, conversed with Acy, who entered the house and inquired of the agents what they desired. He learned that the agents desired to purchase a case of beer. Acy then brought into the house a case of beer, which he sold to the agents in appellant's house.

The evidence was competent. There could hardly be stronger evidence of the maintenance of a joint than actual sales of intoxicating liquor on the premises alleged to be maintained as a joint. The sale, on August 17th, of the case of beer to the officers was made on the premises, in the house where other sales of like intoxicants had previously been made by appellant, the wife of appellant and Acy. This sale was made by appellant's partner in the presence of appellant's wife. A sale by his partner, his wife, or his employee was a sale by appellant.

''It is next assigned that the court erred in permitting the state to show that, at the time the officers were

searching the rooms, a number of persons called at the place, and that certain of them expressed a desire to purchase intoxicating liquors. But, clearly, this was competent evidence to show the purpose for which the rooms were being maintained. The weight of evidence of this character will vary with the circumstances, but its competency as evidence is not to be doubted." *State v. Meany,* 151 Wash. 420, 276 Pac. 88.

The judgment is affirmed.

TOLMAN, C. J., BEELER, FULLERTON, and BEALS, JJ., concur.