(126 So. 914)

## STATE v. CHICKASAW WOOD PRODUCTS CO.

No. 30372.

Feb. 3, 1930.

Rehearing Denied March 5, 1930.

Charles J. Larkin, Jr., of New Orleans, for appellant.

Harry P. Sneed, of New Orleans, for appellee.

THOMPSON, J.

This is a proceeding by the state, through the tax collector of Jefferson parish, to compel the defendant to pay a state license of $600 for each of the years 1927, 1928, and 1929, as a manufacturer engaged in the busi-

ness of selling manufactured articles to others than dealers for resale.

The demand for the license of 1927 and 1928 is predicated on Act 299 of 1926, and that for 1929 is predicated on Act 241 of 1928.

The paragraph next to the last clause of section 25 of Act 299 of 1926 provides:

"That any other business not provided for in this Act, and not otherwise provided for by separate law, excepting manufacturing, shall be graded the same as above set forth, and shall pay a license as fixed in this Section; provided that manufacturers selling their manufactured articles in any manner other than from their manufacturing plants or warehouses to dealers for resale shall pay licenses as fixed in this Act."

The proviso last quoted was repeated in Act 241 of 1928, except the words "from their manufacturing plants or warehouses," which were omitted from the last act.

The defense is that the defendant is a manufacturer of barrels and parts of barrels, and that no levy of a license tax on such business has been made by the Legislature; and, further, that, if the statutes referred to purport to levy a license tax on the business of manufacturing, then the said acts are unconstitutional, for the reason that the license on the business of manufacturing is neither classified, graded, or progressive, as required by the Constitution.

It is further denied that the defendant is engaged in the business of selling manufactured articles to others than dealers for resale.

After a hearing on the rule the demand for the license was rejected and the rule dismissed.

There are two questions presented in the pleadings and the record as made up: First, whether the plaintiff as a manufacturer is engaged in the business of selling its manufactured products in any other manner than to dealers for resale; and, second, if defendant is engaged in such business as to bring it within the terms of the proviso of the statute, then whether such business has been graded and classified, as required by the Constitution.

If the first inquiry can be satisfactorily answered in the negative, then there will be no necessity for deciding the second question, because, if defendant is not subject to the license, it has no interest in the question whether such business is graded and classified or not.

The defendant is a manufacturer of barrels, and all sales or shipments of its finished products are made from its manufacturing plant or warehouse.

About 65 per cent. of defendant's products are shipped to foreign countries, principally the South American countries, and consists largely of wine and lard barrels. The domestic sales are made to the Southern Cotton Oil Company and the American Molasses Company, with perhaps a small amount to one or two other similar but smaller concerns.

Mr. C. D. Evans, who has been superintendent of the Chickasaw Cooperage Company for thirty nine years, testified that the defendant was engaged in the manufacture of barrels, and that it sells the barrels direct to the Southern Cotton Oil Company and to the American Molasses Company; that these companies use the barrels as containers to carry on their business. The oil by the one concern and the molasses by the other con-

cern is put in the barrels and shipped out to their customers. The price or cost of the barrel is included in the price of the oil and molasses.

When asked if the two companies were engaged in the business of selling barrels, the witness said that the barrel is included in the package when it goes out. In other words, if a hundred barrels of cotton-seed oil were bought from the cotton oil company, that company would charge the barrel in the sale price.

The barrel is charged in with the sale of the refined oil. The same is true with respect to the molasses company.

Another witness, Duhon, who is the accountant for the cotton oil company, testified that the company bought barrels from the defendant company and used them in shipping out the manufactured products of the oil company.

That there is a differential added in the case of packages over the tank car price. The price of the barrel is included in the cost of the products when sold in barrels. The cotton oil company has been purchasing barrels from the defendant company for about fifteen years and using them in the manner already described.

The testimony of the two witnesses named constitutes the entire evidence in the record on the method by which the defendant sells its barrels.

■ It is contended that the two concerns named are not dealers in barrels for resale within the meaning of the statute, and that the method of disposing of the barrels by the defendant constitutes doing business as a manufacturer in a manner other than selling to dealers for resale. The argument is not at all persuasive, and we are not of

the opinion that the evidence shows that the method of selling its product amounts to a doing of business by the defendant in a manner other than selling to dealers for resale. On the contrary, we are of the opinion that the evidence clearly brings the defendant within the terms of the statute, which exacts no license where the manufacturer sells direct to a dealer for resale.

As we have stated, the defendant sells its barrels, not to be consumed by the purchaser, but to be used by the purchaser in connection with its business of selling its manufactured products. Without the barrels the purchaser would have to secure other containers in order to dispose of its products, or cease to carry on its sale and shipping business other than by loading into tank cars.

The cotton oil company and the molasses company are not consumers. They do not keep the barrels and have no intention of keeping them. The barrels are purchased to be disposed of by them in carrying on their business. They sell the barrels with their products and the cost of the barrels is charged to their customers as a part of the price of the oil or molasses. The purchasers are dealers for resale within the obvious meaning of the statute. We doubt if a dealer can be found in the state whose business is to purchase barrels for resale exclusively and not in connection with some other business in which barrels are a necessary instrumentality in the successful operation of its business.

■ It is to be assumed that the lawmaker made use of the word "dealer" in its ordinary accepted meaning, and not with the intention of imposing such a restricted and technical application as contended for by counsel for the state.

Webster's New International Dictionary defines the word "dealer" as one who deals; one who divides, distributes, or delivers; one who does business, a trader, a trafficker, a person who makes a business of buying and selling goods, as distinguished from a manufacturer, without altering their condition.

We conclude therefore that under the evidence in this case the purchasers of barrels from the defendant must be regarded as dealers, and that the barrels are resold in connection with their business within the meaning of the statute, and hence defendant does not owe any license.

The judgment appealed from is affirmed.

O'NIELL, C. J., dissents.

ST. PAUL, J., concurs in the decree.