SCHAUER, J., pro tem.
Defendant was engaged in the business of purchasing walnuts, cracking them, extracting *Supp. 764 the meats, discarding the shells, cleaning, airblowing, brushing, sorting and grading such meats, in certain grades washing and drying them, and then offering for sale the product so produced. It required about a day and a half of labor for one man to produce 25 to 30 pounds of meats ready for sale and the cost of the processing was from 7 cents to 10 cents on each pound. The defendant admittedly bought some walnuts for which he did not pay the full price cash on delivery. The case was submitted upon stipulated facts and uncontradicted testimony of the defendant who was found guilty of acting as a “dealer” without a license in violation of section 1261, Agricultural Code as amended in 1933, Statutes of 1933, chapter 25, page 274.
Such section defines the "term “dealer” as meaning “any person other than a commission merchant who for the purpose of resale at wholesale obtains from the producer thereof possession or control of any farm product except by payment to the producer, at the time of obtaining such possession or control, of the full agreed price of such commodity in lawful money of the United States ...”
We think that the evidence, hereinabove epitomized, fails to establish that defendant acted as a “dealer” within the definition above quoted. The defendant bought walnuts not to resell as such upon a turn in the market but to provide himself with material which he himself used in carrying on a business which, by virtue of separating the material bought, discarding a portion of it (the shells) and applying skilled labor and certain natural elements (air and water) to the remaining portion (the meats), enabled him to offer for original sale—not resale—a product as different upon principle from that which he had purchased as would be the cabinet produced by a skilled artisan from lumber acquired in the rough. A cabinet maker would hardly be called a lumber dealer.
In Chattanooga Plow Co. v. Hays, 125 Tenn. 148 [140 S. W. 1068], quoted in Phillips v. Byers, 189 Cal. 665, 670 [209 Pac. 557], it is said:
“ ‘The marked distinction between a manufacturer and a merchant is that the merchant, or dealer, sells to earn a profit, and the manufacturer sells to take profit already earned. He must buy the materials out of which to make his finished product, and he must sell the product of his factory after it is finished. But such dealings are not his occupation. The one *Supp. 765 supplies him with materials with which to pursue it, while the other merely enables him to take the profit earned. ’ ’ ’
In the case of Phillips v. Byers, supra, a corporation which purchased raw fruits and vegetables, canned and then sold them to wholesalers, was held to be a manufacturer, not a merchant or dealer. In Norris Brothers v. Commonwealth, 27 Pa. (3 Casey) 494, 495, we find this statement: “A dealer ... is not one who buys to keep, or makes to sell, but one who buys to sell again. He . . . depends for his profit, not upon the labor he bestows on his commodities, but upon the skill and foresight with which he watches the'markets.” The case of State v. Chickasaw Wood Products Co., 169 La. 1179 [126 So. 914, 916], quotes from Webster’s New International Dictionary defining the word “dealer” in part as “a person who makes a business of buying and selling goods, as distinguished from a manufacturer, without altering their condition”.
In State v. Chadbourn, 80 N. C. (Kenan) 437 [30 Am. Rep. 94], in holding that one who bought timber and converted it into lumber for sale was a manufacturer rather than a “merchant” or “trader”, the Supreme Court of North Carolina said, respecting the business of a “trader”:
‘1 The goods are sold substantially in the form in which they are bought, and the difference between the sums paid and received constitutes the profit of the business. The defendants’ occupation does not answer this definition. They are rather manufacturers who by skill and labor convert what they get into another and more valuable form of property. The manufacturer of shoes purchases the leather and other materials from which they are made, and then sells them at a large advance. He both buys and sells, but he is not a trader. So with the defendants who purchase the tree or log and dispose of the lumber and boards which are made from it. They do not buy and sell the same article in an unchanged condition. The manufacturing process intervenes, and this gives name and character to their pursuit.” To the same effect is the decision in State v. Yearby, 82 N. C. (Kenan) 486 [33 Am. Rep. 694], regarding the business of a butcher.
The judgment and the order denying motion for a new trial are reversed and the cause is remanded to the municipal court for a new trial.
Shaw, P. J., and Pox, J., concurred.