[Civ. No. 8081.   Third Dist.   July 15, 1952.]

ALBERT G. TICE, Appellant, v. LAWRENCE LEMOS, Respondent.

Tebbe & Correia for Appellant.

Floyd Merrill for Respondent.

ADAMS, P. J.—Plaintiff in an amended and supplemental complaint alleged that he had entered into an oral contract with defendant to purchase from him about 200 head of cattle for an agreed price of $20,000 of which $100 had been paid; that subsequently he tendered to defendant $19,900 and demanded the delivery of the cattle, which defendant refused.

Plaintiff also set forth a memorandum written by plaintiff but signed by defendant which acknowledged the receipt of $100 as a deposit for defendant's entire herd consisting of about 200 head of cattle at a price of $20,000. In a second count plaintiff claimed damages for the failure of defendant to perform.

Defendant answered, alleging that there had been no oral contract but only the writing set forth by plaintiff, denied refusal on his part to perform in compliance therewith, denied any liability for damages claimed by plaintiff, alleged that he had tendered to plaintiff all the cattle referred to in the written memorandum, but that plaintiff had refused to pay the balance due, to wit: $19,900, or to accept delivery of the cattle.

The case was tried by the court without a jury, and, at the conclusion of plaintiff's evidence a motion for a nonsuit, interposed by defendant, was granted. No findings were filed, the court merely stating that it was its view that plaintiff was "required to have a license" as a "dealer."

From the order granting the nonsuit plaintiff has appealed; and the question presented by him is whether, under the facts as shown by his evidence, his contract with defendant, who, it had been stipulated, was a "producer" within the provisions of section 1261 of the Agricultural Code, was for the purchase of the cattle for "his own use," under subdivision (f) of section 1262 of said code, so as to exempt him from the license requirements of said code.

Section 1261 of the Agricultural Code defines a producer as any person engaged in the business of growing or producing any farm product, including livestock. Subdivision (f) of said section defines a "dealer" as "any person other than a commission merchant or cash buyer who solicits, contracts for or obtains from the producer thereof title, possession or control of any farm product, or who buys or agrees to buy any farm product from the producer thereof."

Section 1262, subdivision (f) exempts from the provisions of the chapter "Any person buying farm products for his own use or consumption." Section 1263 provides that "No person shall act as a commission merchant, dealer, broker, cash buyer, or agent without having obtained a license as provided in this chapter."

Appellant concedes that he was not purchasing the cattle

for which he contracted for his own consumption, but urges that he was purchasing them for "his own use."

Plaintiff testified that he was a cattle and grain rancher; that he had been in the cattle business for over 20 years, and had never had a license; that he owned a ranch at Willows, California, and also rented pasturage in the Fort Klamath area for range where he fattened cattle which he had bought; that during the year 1950 he bought about 266 head from stockmen and some from auction yards, and that during said year he sold about 150 head; that cattle which he contracted to buy from defendant consisted of approximately 100 cows, including dairy cows, 25 to 30 three-year-olds, and the balance marked calves anywhere from "weaners" up to "yearlings"; also three bulls; that he intended to keep some of the cows for "stockers," and to fatten the rest and then sell them.

The rule regarding the granting or denying of motions for nonsuits has been passed upon by this court in numerous cases holding that upon appeal from a judgment granting a nonsuit it is the duty of an appellate court to consider the evidence and such inferences as may reasonably be drawn therefrom, in the light most favorable to a plaintiff; and that a nonsuit may not be granted if, disegarding all unfavorable evidence, there is any substantial evidence which will support a finding for plaintiff. (See *Connors* v. *Southern Pac. Co.*, 91 Cal.App.2d 872, 877 [206 P.2d 31]; *Milani* v. *Southern Pac. Co.*, 93 Cal.App.2d 527, 528 [209 P.2d 413]; *Copeland* v. *Rabing*, 110 Cal.App.2d 631, 635 [243 P.2d 119]; *Kroupa* v. *Oak Park Theatre Co.*, 111 Cal.App.2d 514, 518 [244 P.2d 985].)

It cannot be determined from plaintiff's testimony that, as matter of law, his business was that of a dealer, rather than that of a producer. The record shows that the cattle which plaintiff sought to purchase from defendant did not consist of beef cattle alone, but constituted a miscellaneous herd including "calves" and "slicks." There is no testimony that plaintiff intended to sell this herd as a whole, and his intention as stated was to keep some of the cattle purchased, to use some of the cows as "stockers" and to fatten some on his ranges to be sold subsequently; and, obviously, the "slickers" would have to be nurtured further. This testimony indicates that what plaintiff was doing more properly classifies him as a producer rather than as a dealer. See *People* v. *Stevens*, 10 Cal.App.2d Supp. 763 [51 P.2d 1179], and

*People* v. *Terkanian,* 27 Cal.App.2d 460, 463 [81 P.2d 251]. Considering plaintiff's testimony in the light most favorable to him we think it was error to grant defendant's motion for a nonsuit, and that the cause should have been heard on its merits and findings made.

The judgment is reversed and the case is remanded for a new trial.

Van Dyke, J., and Schottky, J. pro tem., concurred.